IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br>vs.<br><br>STEVEN LEE BATCHELDER,<br><br>          Defendant. | Case No. 4:06mj136-WCS |

**MOTION TO QUASH PROVISIONAL ARREST WARRANT
AND/OR
PETITION FOR HABEAS CORPUS RELIEF[1]**

The Defendant, STEVEN LEE BATCHELDER, by and through undersigned counsel, moves the Court to quash the provisional arrest warrant issued on August 23, 2006, and alleges:

1.   On August 23, 2006, the Government filed a Criminal Complaint for a provisional arrest warrant with a view towards extradition to Canada, pursuant to 18 U.S.C. § 3184.  (Doc 1).  In the Affidavit accompanying the

---

[1] *See* 28 U.S.C. § 2241.

Page 1 of  5

Criminal Complaint, the Government alleged that Defendant Batchelder had been charged with one count of abduction of a person under the age of fourteen, one count of forcible confinement, and once count of invitation of sexual touching, all allegedly in violation of the Criminal Code of Canada. (Doc 2 - Pg 1 - Para 4).  The offenses were allegedly committed within the jurisdiction of Niagrara, Ontario, Canada.   (Doc 2 - Pg 1 - Para 4).  A Justice of the Peace in and for the Province of Ontario issued an arrest warrant for Defendant Batchelder on June 22, 2006.   (Doc 2 - Pg 1 - Para 4).

2. A warrant for arrest was issued by the Court on August 23, 2006.

3. On November 8, 2006, law enforcement officials filed a document with the Court indicating that the warrant was executed on October 25, 2006. (Doc 4).

4. There is an Extradition Treaty in force between the United States and Canada.  *See* Extradition Treaty, U.S.-Canada, Dec. 3, 1971,[2] 27 U.S.T. 983.  Article 11 of the Extradition Treaty provides for a provisional arrest "[i]n case of urgency."  Extradition Treaty, U.S.-Canada, Art. 11, § (1), Dec. 3, 1971, 27 U.S.T. 983.  Section (3) of Article 11 states:

---

[2] The treaty was originally signed on December 3, 1971, but it has been amended since that date.

A person arrested shall be set at liberty upon the expiration of sixty days from the date of arrest pursuant to such application if a request for extradition and the documents specified in Article 9 have not been received.

Extradition Treaty, U.S.-Canada, Art. 11, § (3), Dec. 3, 1971, 27 U.S.T. 983.[3]

5. In the Affidavit accompanying the August 23, 2006, Criminal

---

[3] Article 9 of the Extradition Treaty states:

 (1) The request for extradition shall be made through the diplomatic channel.
 (2) The request shall be accompanied by a description of the person sought, a statement of the facts of the case, the text of the laws of the requesting State describing the offense and prescribing the punishment for the offense, and a statement of the law relating to the limitation of the legal proceedings.
 (3) When the request relates to a person who has not yet been convicted, it must also be accompanied by a warrant of arrest issued by a judge or other judicial officer of the requesting State and by such evidence as, according to the laws of the requested State, would justify his arrest and committal for trial if the offense had been committed there, including evidence proving the person requested is the person to whom the warrant of arrest refers.
 (4) When the request relates to a person already convicted, it must be accompanied by the judgment of conviction and sentence passed against him in the territory of the requesting State, by a statement showing how much of the sentence has not been served, and by evidence proving that the person requested is the person to whom the sentence refers.

Extradition Treaty, U.S.-Canada, Art. 9, Dec. 3, 1971, 27 U.S.T. 983.

Complaint, the Government acknowledged that it did not have "the documents specified in the Treaty." (Doc 2 - Pg 3 - Para 9). As of the date of this pleading, neither undersigned counsel nor Defendant Batchelder are aware that the documents required by Article 9 of the Extradition Treaty have been "received." Accordingly, pursuant to Article 11, section (3) of the Extradition Treaty, Defendant Batchelder "shall be set at liberty" in regards to the instant proceeding.

WHEREFORE, for the reasons set forth above, Defendant Batchelder respectfully requests the Court to quash the provisional arrest warrant issued on August 23, 2006. All other appropriate relief is hereby requested.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY a true and correct copy of the foregoing instrument has been furnished to:

>Assistant United States Attorney Robert O. Davis
>111 North Adams Street, Suite 400
>Tallahassee, Florida 32301

by U.S. mail and electronic delivery this 17th day of January, 2007.

>Respectfully submitted,

>/S/ R. TIMOTHY JANSEN
>R. TIMOTHY JANSEN
>R. TIMOTHY JANSEN, P.A.
>1206 North Duval Street
>Tallahassee, Florida 32303
>(850) 224-1440/fax (850) 224-0381
>FL Bar No. 0691208

>/S/ MICHAEL UFFERMAN
>MICHAEL UFFERMAN
>Michael Ufferman Law Firm, P.A.
>2022-1 Raymond Diehl Road
>Tallahassee, Florida 32308
>(850) 386-2345/fax (850) 224-2340
>FL Bar No. 114227

>Counsel for Defendant **BATCHELDER**

xc:   Steven Lee Batchelder