**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**UNITED STATES OF AMERICA**

      v.                                                  Case No.:  4:06mj136-WCS

**STEVEN LEE BATCHELDER**

                                    /

**GOVERNMENT'S OPPOSITION TO DEFENDANTS' MOTIONS TO QUASH
AND/OR PETITION FOR HABEAS CORPUS RELIEF**

Comes now the United States of America, through the undersigned Assistant United States Attorney, and asks this Court to deny defendant Batchelder's Motion To Quash Provisional Arrest Warrant And/Or Petition for Habeas Corpus Relief.  Doc. 6.  In support of this opposition to defendant's motion, the government offers the following:

1. On August 23, 2006, the government sought and obtained a Criminal Complaint pursuant to 18 U.S.C. § 3184.  Doc. 1.

2. On November 8, 2006, the United States Marshals Service filed a return on the arrest warrant in this case, indicating that the arrest warrant had been executed on October 25, 2006. Doc. 4

3. In the attached declaration of Linda Belyew, Supervisor of Operations for the United States Marshals Service, Tallahassee, Ms. Belyew states that the warrant for the defendant was executed in error and that the defendant was never taken into custody on October 25, 2006, but rather went directly into Florida Department of Corrections custody on October 26, 2006.  See "Declaration of Linda Belyew," Attachment A.

4.  In addition, the attached declaration of Emily E. Daughtry, Attorney-Adviser in the Office of Legal Adviser, United States Department of State, states that the Canadian Embassy submitted Diplomatic Note No. 0344, dated November 24, 2006, formally requesting the extradition of Steven Lee Batchelder.  See "Declaration of Emily E. Daughtry," Attachment B[1].

## Memorandum in Support

Defendant argues that he should be "set at liberty" in connection with this proceeding because there is no evidence that the Canadian Government has filed the treaty-required documents within sixty days from the arrest pursuant to the provision arrest warrant obtained in this case.  As stated above, defendant has not been arrested in this case, and the entry in the court docket to that effect is in error.  See "Declaration of Linda Belyew," Attachment A.  As defendant has never been taken into custody, he was never "arrested" and the time limits specified in the Extradition Treaty did not begin to run.  See Treaty on Extradition Between the United States of American and Canada, December 3, 1971, Art. 11(3),  TIAS 8237 (as amended by Protocol Amending the Extradition Treaty with Canada, January 11, 1988) ("A person *arrested* shall be set at liberty upon the expiration of sixty days *from the date of arrest*. . . .") (emphasis added).

Even if the time had begun to run from the date of the erroneous entry of the execution of the warrant, the Declaration of Emily E. Daughtry makes clear that the Canadian Government

---

[1]This declaration, which was received by the Office of International Affairs, U.S. Department of Justice today, consists of an Authentication by the Department of State, the Declaration of Emily E. Daughtry, Diplomatic Note No. 0344, and the Extradition Treaty between U.S. and Canada.  As the actual version of the Extradition Treaty could not be scanned by the Office of International Affairs without breaking the seal of the entire package, I have included a different copy of that treaty for purposes of today's filing.

did, in fact, present a formal request, dated November 24, 2006, with the Department of State on November 27, 2006, as can be seen by the date stamp on the Diplomatic Note attached to her affidavit.  Thus, the Canadian Government filed the formal document required by the Extradition Treaty well within any sixty day period that allegedly began on October 25, 2006.  Thus, even if the time had begun to run, the required documents were filed with the Department of State, which is all that is required.  Provisional arrest clauses, such as the one contained in the US-Canada Extradition Treaty, require only that a requesting state present its formal request and supporting documents through the diplomatic channel within the deadline; they do not specify that the documents be delivered to the court by that date.  <u>United States v. Clark</u>, 470 F. Supp. 976 (D. Vt. 1979).  Thus no treaty violation has occurred, and defendant's motion is without merit.

  Wherefore, the Government prays that the Court deny defendant's motion to quash.

           Respectfully submitted,

           GREGORY R. MILLER
           United States Attorney


            s/ Robert O. Davis
           ROBERT O. DAVIS
           Assistant United States Attorney
           D.C. Bar No. 250274
           111 North Adams Street, 4th Floor
           Tallahassee, Florida, FL 32301
           (850) 942-8430

**CERTIFICATE OF SERVICE**

I hereby certify that on January 31, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the Michael Robert Ufferman, 2022-1 Raymond Diehl Road, Tallahassee, Florida 32308.

                                                     s/ Robert O. Davis
                                                     Robert O. Davis
                                                     Assistant United States Attorney