07011729-1

# United States of America



## DEPARTMENT OF STATE

*To all to whom these presents shall come, Greetings:*

ify That Emily E. Daughtry, whose name is subscribed to the document hereunto annexed, time of subscribing the same Attorney Adviser, Office of the Legal Adviser, Department of ed States of America, and that full faith and credit are due to her acts as such.

In testimony whereof, I, Condoleezza Rice, Secretary of State, have hereunto caused the seal of the Department of State to be affixed and my name subscribed by the Assistant Authentication Officer, of the said Department, at the city of Washington, in the District of Columbia, this thirtieth day of January, 2007.

Secretary of State

By _____
Assistant Authentication Officer,
Department of State

Is      rsuant to CHXI          of
Se      1789, 1 Stat.           22
U       7; 22USC 2651            C
3       USC 1733 et. seq.        C
1       RULE 44 Federal          
C       cedure.

*This c       ate is not valid if it is removed or altered in any way whatsoever*

DISTRICT OF COLUMBIA, ss:

## DECLARATION OF EMILY E. DAUGHTRY

I, Emily E. Daughtry, declare and say as follows:

1. I am an Attorney-Adviser in the Office of the Legal Adviser, Department of State, Washington, D.C. This office has responsibility for extradition requests within the Department of State, and I am familiar with the extradition case of Steven Lee Batchelder. I make the following statements based upon my personal knowledge and upon information made available to me in the performance of my official duties.

2. In accordance with the provisions of the extradition treaty in full force and effect between the United States and Canada, the Canadian Embassy has submitted a diplomatic note (No. 0344, dated November 24, 2006), formally requesting the extradition of Steven Lee Batchelder. A copy of the diplomatic note is attached to this declaration.

3. The relevant and applicable treaty provisions in full force and effect between the United States and Canada are found in the Extradition Treaty between the United States of America and Canada of December 3, 1971, which entered into force on March 22, 1976 (TIAS 8237) (the "1971 Treaty"), the Protocol Amending the Extradition Treaty with Canada of January 11, 1988, which entered into force on November 26, 1991 (the "1988 Protocol"), and the Second Protocol Amending the Extradition Treaty with Canada of January 12, 2001 (the "2001 Protocol"), which entered into force on April 30, 2003. Copies of the Treaty and the Protocols are attached to this declaration.

4. In accordance with Article 17 of the 1971 Treaty between the United States and Canada, the Government of the United States provides legal representation in its courts for Canada in its extradition requests, and Canada provides legal representation in its courts for extradition requests made by the United States.

-2-

5. The offenses for which extradition is sought are extraditable pursuant to Article 2 of the 1971 Treaty, as replaced by Article I of the 1988 Protocol. Article 2 of the 1971 Treaty, as replaced by Article I of the 1988 Protocol, provides that extradition shall be granted for conduct which constitutes offenses punishable by the laws of both Canada and the United States by imprisonment or other form of detention for a term exceeding one year or any greater punishment.

6. The documents submitted by the Government of Canada in support of its extradition request were certified on November 20, 2006, by Keith Powell, II, Consul General of the United States of America in Ottawa, in accordance with Title 18, United States Code, Section 3190. Mr. Powell, at the time of his certification, was the principal consular officer of the United States in Canada.

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on January 30, 2007.

_____
EMILY E. DAUGHTRY

Attachments:

1. Copy of Note
2. Copy of Treaty and Protocols



Note No. 0344

The Embassy of Canada presents its compliments to the Department of State and has the honour to request the extradition of Steven Lee BATCHELDER, an American citizen, born on January 1, 1983.

The subject is described as being 5'11" in height; weighs 160 lbs; blue eyes and dark short brown hair. Photograph of the person sought is appended to the documents submitted in support of the extradition request.

Steven Lee Batchelder on or about the 21st day of June in the year 2006 at the Town of Fort Erie in the said region:

- did, not being the parent, guardian, or person having the lawful care or charge of Naomie Kumbu, a person under the age of fourteen years, unlawfully entice away that person with intent to deprive a parent, namely Claudine Kawulu, of that person, contrary to section 281 of the Criminal Code of Canada;

- and further did, without lawful authority confine Naomie Kumbu, contrary to section 279(2) of the Criminal Code of Canada;                         ...2

- 2 -

 - and further did, for sexual purpose, invite, a person under the age of fourteen years, namely Naomie Kumbu to directly touch with a part of her body the body of Steven Lee Batchelder, contrary to section 152 of the Criminal Code of Canada.

Information was sworn on June 21, 2006 by Sgt Wayne Gender of the Niagara Regional Police Service, Province of Ontario. Warrant for Arrest was issued on June 22, 2006, by Justice of the Peace Donna Cowan.

 There is no statute of limitations in respect of the offences for which the person sought stands charged. The maximum penalty for abduction of a child under 14 years, forcible confinement and invitation to sexual touching is 10 years imprisonment.

 The subject is presently in custody at the Leon County Jail, Florida.

 The Prosecuting Attorney is Greg Skerkowski, Crown Attorney, Ministry of the Attorney General for the Province of Ontario, telephone 416-326-4609.

...3

- 3 -

The Investigating Officer is Detective Constable Christopher Lemaich, Fort Erie C.I.B., Niagara Regional Police Service, 5 District, telephone 905-688-4111 ext. 2325.

Documents in support of this request have been forwarded directly to the appropriate U.S. authorities.

The Embassy of Canada avails itself of this opportunity to renew to the Department of State the assurances of its highest consideration.

WASHINGTON, D.C.

November 24, 2006



\ CANADA. EXTRADITION. 27 UST 983. TIAS 8237. TREATY SIGNED AT WASHINGTON DECEMBER 3, 1971 (SD). AND AGREEMENT AMENDING THE TREATY EFFECTED BY EXCHANGE OF NOTES. SIGNED AT WASHINGTON JUNE 28 AND JULY 9, 1974 (SD). RATIFICATION OF THE TREATY, AS AMENDED, ADVISED BY THE SENATE OF THE UNITED STATES OF AMERICA DECEMBER 1, 1975; RATIFIED BY THE PRESIDENT OF THE UNITED STATES OF AMERICA DECEMBER 12, 1975; RATIFIED BY CANADA FEBRUARY 2, 1976; RATIFICATIONS EXCHANGED AT OTTAWA MARCH 22, 1976; PROCLAIMED BY THE PRESIDENT OF THE UNITED STATES OF AMERICA MAY 6, 1976. ENTERED INTO FORCE MARCH 22, 1976 (EIF).

## TREATY ON EXTRADITION BETWEEN THE UNITED STATES OF AMERICA AND CANADA

THE UNITED STATES OF AMERICA AND CANADA, DESIRING TO MAKE MORE EFFECTIVE THE COOPERATION OF THE TWO COUNTRIES IN THE REPRESSION OF CRIME BY MAKING PROVISION FOR THE RECIPROCAL EXTRADITION OF OFFENDERS, AGREE AS FOLLOWS:

### ARTICLE 1

EACH CONTRACTING PARTY AGREES TO EXTRADITE TO THE OTHER, IN THE CIRCUMSTANCES AND SUBJECT TO THE CONDITIONS DESCRIBED IN THIS TREATY, PERSONS FOUND IN ITS TERRITORY WHO HAVE BEEN CHARGED WITH, OR CONVICTED OF, ANY OF THE OFFENSES COVERED BY ARTICLE 2 OF THIS TREATY COMMITTED WITHIN THE TERRITORY OF THE OTHER, OR OUTSIDE THEREOF UNDER THE CONDITIONS SPECIFIED IN ARTICLE 3(3) OF THIS TREATY.

### ARTICLE 2

*(1) Extradition shall be granted for conduct which constitutes an offense punishable by the laws of both Contracting Parties by imprisonment or other form of detention for a term exceeding one year or any greater punishment.*
    *(2) An offense is extraditable notwithstanding*
        *(i) that conduct such as interstate transportation or use of the mails or of other facilities affecting interstate or foreign commerce, required for the purpose of establishing jurisdiction, forms part of the offense in the United States, or*
        *(ii) that it relates to taxation or revenue or is one of a purely fiscal character.*

### ARTICLE 3

(1) FOR THE PURPOSE OF THIS TREATY THE TERRITORY OF A CONTRACTING PARTY SHALL INCLUDE ALL TERRITORY UNDER THE JURISDICTION OF THAT CONTRACTING PARTY, INCLUDING AIR SPACE AND TERRITORIAL WATERS AND VESSELS AND AIRCRAFT REGISTERED IN THAT CONTRACTING PARTY OR AIRCRAFT LEASED WITHOUT CREW TO A LESSEE WHO HAS HIS PRINCIPAL PLACE OF BUSINESS, OR, IF THE LESSEE HAS NO SUCH PLACE OF BUSINESS, HIS PERMANENT RESIDENCE

IN, THAT CONTRACTING PARTY IF ANY SUCH AIRCRAFT IS IN FLIGHT, OR IF ANY SUCH VESSEL IS ON THE HIGH SEAS WHEN THE OFFENSE IS COMMITTED. FOR THE PURPOSES OF THIS TREATY AN AIRCRAFT SHALL BE CONSIDERED IN FLIGHT FROM THE MOMENT WHEN POWER IS APPLIED FOR THE PURPOSE OF THE TAKE-OFF UNTIL THE MOMENT WHEN THE LANDING RUN ENDS.

*When the offense for which extradition is requested was committed outside the territory of the requesting State, the executive, or other appropriate authority of the requested State shall grant extradition if the laws of the requested State provide for jurisdiction over such an offense committed in similar circumstances. If the laws in the requested State do not so provide, the executive authority in the requested State may, in its discretion, grant extradition.*

### ARTICLE 4

(1) EXTRADITION SHALL NOT BE GRANTED IN ANY OF THE FOLLOWING CIRCUMSTANCES:

(I) WHEN THE PERSON WHOSE SURRENDER IS SOUGHT IS BEING PROCEEDED AGAINST, OR HAS BEEN TRIED AND DISCHARGED OR PUNISHED IN THE TERRITORY OF THE REQUESTED STATE FOR THE OFFENSE FOR WHICH HIS EXTRADITION IS REQUESTED.

(II) WHEN THE PROSECUTION FOR THE OFFENSE HAS BECOME BARRED BY LAPSE OF TIME ACCORDING TO THE LAWS OF THE REQUESTING STATE.

(III) WHEN THE OFFENSE IN RESPECT OF WHICH EXTRADITION IS REQUESTED IS OF A POLITICAL CHARACTER, OR THE PERSON WHOSE EXTRADITION IS REQUESTED PROVES THAT THE EXTRADITION REQUEST HAS BEEN MADE FOR THE PURPOSE OF TRYING OR PUNISHING HIM FOR AN OFFENSE OF THE ABOVE-MENTIONED CHARACTER. IF ANY QUESTION ARISES AS TO WHETHER A CASE COMES WITHIN THE PROVISIONS OF THIS SUBPARAGRAPH, THE AUTHORITIES OF THE GOVERNMENT ON WHICH THE REQUISITION IS MADE SHALL DECIDE.

*(2) For the purpose of this Treaty, the following offenses shall be deemed not to be offenses within subparagraph (iii) of paragraph 1 of this Article:*
> *(i) An offense for which each Contracting Party has the obligation pursuant to a multilateral international agreement to extradite the person sought or to submit the case to its competent authorities for the purpose of prosecution;*
> *(ii) Murder, manslaughter or other culpable homicide, malicious wounding or inflicting grievous bodily harm;*
> *(iii) An offense involving kidnapping, abduction, or any form of unlawful detention, including taking a hostage;*
> *(iv) An offense involving the placing or use of explosives, incendiaries or destructive devices or substances capable of endangering life or of causing grievous bodily harm or substantial property damage; and*

>	*(v) An attempt or conspiracy to commit, or counselling the commission of, any of the foregoing offenses, or aiding or abetting a person who commits or attempts to commit such offenses.*

### ARTICLE 5

IF A REQUEST FOR EXTRADITION IS MADE UNDER THIS TREATY FOR A PERSON WHO AT THE TIME OF SUCH REQUEST, OR AT THE TIME OF THE COMMISSION OF THE OFFENSE FOR WHICH EXTRADITION IS SOUGHT, IS UNDER THE AGE OF EIGHTEEN YEARS AND IS CONSIDERED BY THE REQUESTED STATE TO BE ONE OF ITS RESIDENTS, THE REQUESTED STATE, UPON A DETERMINATION THAT EXTRADITION WOULD DISRUPT THE SOCIAL READJUSTMENT AND REHABILITATION OF THAT PERSON, MAY RECOMMEND TO THE REQUESTING STATE THAT THE REQUEST FOR EXTRADITION BE WITHDRAWN, SPECIFYING THE REASONS THEREFOR.

### ARTICLE 6

WHEN THE OFFENSE FOR WHICH EXTRADITION IS REQUESTED IS PUNISHABLE BY DEATH UNDER THE LAWS OF THE REQUESTING STATE AND THE LAWS OF THE REQUESTED STATE DO NOT PERMIT SUCH PUNISHMENT FOR THAT OFFENSE, EXTRADITION MAY BE REFUSED UNLESS THE REQUESTING STATE PROVIDES SUCH ASSURANCES AS THE REQUESTED STATE CONSIDERS SUFFICIENT THAT THE DEATH PENALTY SHALL NOT BE IMPOSED, OR, IF IMPOSED, SHALL NOT BE EXECUTED.

### ARTICLE 7

*When the person sought is being proceeded against or is serving a sentence in the requested State for an offense other than that for which extradition is requested, the requested State may surrender the person sought or postpone surrender until the conclusion of the proceedings or the service of the whole or any part of the sentence imposed.*

#### *Article 7 bis*

*1.	The requested State, after granting an extradition request made in accordance with the Extradition Treaty, may temporarily surrender a person who has been convicted and sentenced in the requested State, in order that the person sought may be prosecuted in the requesting State. The temporary surrender of the person shall not divest the Courts in the requested State of jurisdiction over any appeal or habeas corpus application relating to the conviction or sentence that otherwise may be available under the laws of the requested State.*

*2.	A person temporarily surrendered pursuant to paragraph 1 shall be kept in custody in the requesting State. The person shall be returned to the requested State within forty-five (45) days after the conclusion of the proceedings for which the person's presence was required in the requesting State or at another time as specified by the requested State, in accordance with*

*conditions to be determined by the Parties for that purpose. The return of the person to the requested State shall not divest the Courts in the requesting State of jurisdiction over any appeal or habeas corpus application that otherwise may be available under the laws of that State, in relation to the matter for which the person was temporarily surrendered.*

3.  *The period of time spent in custody in the requesting State may be credited to the sentence in the requested State.*

4.  *When the sentence that the person was serving in the requested State expires during the temporary surrender, the requested State may waive the return of the person and the surrender will be considered to be a final surrender. A "final surrender" is a surrender of a person pursuant to this Treaty other than as provided for by this Article.*

5.  *Subject to paragraph 7, if a person temporarily surrendered and returned to the requested State has been sentenced to imprisonment in the requested State for the offence for which the person was temporarily surrendered, the person shall be finally surrendered to the requesting State, in accordance with paragraph 6, without a further request for extradition*

6.  *Final surrender shall take place when the person has finished serving the custodial portion of the sentence in the request State, or at an earlier time specified by the requested State.*

7.  *Final surrender shall not take place when:*

    *(a)   the requesting State advises that final surrender is no longer required due to the expiration of the sentence imposed or for other reasons; or*

    *(b)   after the temporary surrender, the warrant or order for the final surrender of a person sought is revoked by the competent authority of the requested State.*

ARTICLE 8

THE DETERMINATION THAT EXTRADITION SHOULD OR SHOULD NOT BE GRANTED SHALL BE MADE IN ACCORDANCE WITH THE LAW OF THE REQUESTED STATE AND THE PERSON WHOSE EXTRADITION IS SOUGHT SHALL HAVE THE RIGHT TO USE ALL REMEDIES AND RECOURSES PROVIDED BY SUCH LAW.

ARTICLE 9

(1) THE REQUEST FOR EXTRADITION SHALL BE MADE THROUGH THE DIPLOMATIC CHANNEL.

(2) THE REQUEST SHALL BE ACCOMPANIED BY A DESCRIPTION OF THE PERSON SOUGHT, A STATEMENT OF THE FACTS OF THE CASE, THE TEXT OF THE LAWS OF THE REQUESTING STATE DESCRIBING THE OFFENSE AND PRESCRIBING THE PUNISHMENT FOR THE OFFENSE, AND A STATEMENT OF THE LAW RELATING TO THE LIMITATION OF THE LEGAL PROCEEDINGS.

(3) WHEN THE REQUEST RELATES TO A PERSON WHO HAS NOT YET BEEN CONVICTED, IT MUST ALSO BE ACCOMPANIED BY A WARRANT OF ARREST ISSUED BY A JUDGE OR OTHER JUDICIAL OFFICER OF THE REQUESTING STATE AND BY SUCH EVIDENCE AS, ACCORDING TO THE LAWS OF THE REQUESTED STATE, WOULD JUSTIFY HIS ARREST AND COMMITTAL FOR TRIAL IF THE OFFENSE HAD BEEN COMMITTED THERE, INCLUDING EVIDENCE PROVING THE PERSON REQUESTED IS THE PERSON TO WHOM THE WARRANT OF ARREST REFERS.

(4) WHEN THE REQUEST RELATES TO A PERSON ALREADY CONVICTED, IT MUST BE ACCOMPANIED BY THE JUDGMENT OF CONVICTION AND SENTENCE PASSED AGAINST HIM IN THE TERRITORY OF THE REQUESTING STATE, BY A STATEMENT SHOWING HOW MUCH OF THE SENTENCE HAS NOT BEEN SERVED, AND BY EVIDENCE PROVING THAT THE PERSON REQUESTED IS THE PERSON TO WHOM THE SENTENCE REFERS.

### ARTICLE 10

(1) EXTRADITION SHALL BE GRANTED ONLY IF THE EVIDENCE BE FOUND SUFFICIENT, ACCORDING TO THE LAWS OF THE PLACE WHERE THE PERSON SOUGHT SHALL BE FOUND, EITHER TO JUSTIFY HIS COMMITTAL FOR TRIAL IF THE OFFENSE OF WHICH HE IS ACCUSED HAD BEEN COMMITTED IN ITS TERRITORY OR TO PROVE THAT HE IS THE IDENTICAL PERSON CONVICTED BY THE COURTS OF THE REQUESTING STATE.

*(2) The documentary evidence in support of a request for extradition or copies of these documents shall be admitted in evidence in the examination of the request for extradition when:*

- *(a) in the case of a request emanating from Canada, they are authenticated by an officer of the Department of Justice of Canada and are certified by the principal diplomatic or consular s officer of the United States in Canada;*
- *(b) in the case of a request emanating from the United States for a person who is sought for prosecution, they are certified by a judicial authority or prosecutor who attests that the evidence is available for trial is sufficient to justify prosecution under the law of the prosecuting jurisdiction. In the case of a request emanating from the United States for a person who is sought in connection with a conviction, the documents must be certified by a judicial , prosecuting or correctional authority who attests to the fact that the documents are accurate; or*
- *(c) they are certified or authenticated in any other manner accepted by the law of the of the requested State.*

### ARTICLE 11

(1) IN CASE OF URGENCY A CONTRACTING PARTY MAY APPLY FOR THE PROVISIONAL ARREST OF THE PERSON SOUGHT PENDING THE PRESENTATION OF THE REQUEST FOR EXTRADITION THROUGH THE DIPLOMATIC CHANNEL. SUCH APPLICATION SHALL CONTAIN A DESCRIPTION OF THE PERSON SOUGHT, AN

INDICATION OF INTENTION TO REQUEST THE EXTRADITION OF THE PERSON SOUGHT AND A STATEMENT OF THE EXISTENCE OF A WARRANT OF ARREST OR A JUDGMENT OF CONVICTION AGAINST THAT PERSON, AND SUCH FURTHER INFORMATION, IF ANY, AS WOULD BE NECESSARY TO JUSTIFY THE ISSUE OF A WARRANT OF ARREST HAD THE OFFENSE BEEN COMMITTED, OR THE PERSON SOUGHT BEEN CONVICTED, IN THE TERRITORY OF THE REQUESTED STATE.

(2) ON RECEIPT OF SUCH AN APPLICATION THE REQUESTED STATE SHALL TAKE THE NECESSARY STEPS TO SECURE THE ARREST OF THE PERSON CLAIMED.

*(3) A person arrested shall be set at liberty upon the expiration of sixty days from the date of arrest pursuant to such application if a request for extradition and the documents specified in Article 9 have not been received. This stipulation shall not prevent the institution of proceedings with a view to extraditing the person sought if the request and documents are subsequently received.*

## ARTICLE 12

(1) A PERSON EXTRADITED UNDER THE PRESENT TREATY SHALL NOT BE DETAINED, TRIED OR PUNISHED IN THE TERRITORY OF THE REQUESTING STATE FOR AN OFFENSE OTHER THAN THAT FOR WHICH EXTRADITION HAS BEEN GRANTED NOR BE EXTRADITED BY THAT STATE TO A THIRD STATE UNLESS:

(I) HE HAS LEFT THE TERRITORY OF THE REQUESTING STATE AFTER HIS EXTRADITION AND HAS VOLUNTARILY RETURNED TO IT;

(II) HE HAS NOT LEFT THE TERRITORY OF THE REQUESTING STATE WITHIN THIRTY DAYS AFTER BEING FREE TO DO SO; OR

(III) THE REQUESTED STATE HAS CONSENTED TO HIS DETENTION, TRIAL, PUNISHMENT FOR AN OFFENSE OTHER THAN THAT FOR WHICH EXTRADITION WAS GRANTED OR TO HIS EXTRADITION TO A THIRD STATE, PROVIDED SUCH OTHER OFFENSE IS COVERED BY ARTICLE 2.

(2) THE FOREGOING SHALL NOT APPLY TO OFFENSES COMMITTED AFTER THE EXTRADITION.

## ARTICLE 13

(1) A REQUESTED STATE UPON RECEIVING TWO OR MORE REQUESTS FOR THE EXTRADITION OF THE SAME PERSON EITHER FOR THE SAME OFFENSE, OR FOR DIFFERENT OFFENSES, SHALL DETERMINE TO WHICH OF THE REQUESTING STATES IT WILL EXTRADITE THE PERSON SOUGHT.

(2) AMONG THE MATTERS WHICH THE REQUESTED STATE MAY TAKE INTO CONSIDERATION ARE THE POSSIBILITY OF A LATER EXTRADITION BETWEEN THE

REQUESTING STATES, THE SERIOUSNESS OF EACH OFFENSE, THE PLACE WHERE THE OFFENSE WAS COMMITTED, THE DATES UPON WHICH THE REQUESTS WERE RECEIVED AND THE PROVISIONS OF ANY EXTRADITION AGREEMENTS BETWEEN THE REQUESTED STATE AND THE OTHER REQUESTING STATE OR STATES.

## ARTICLE 14

(1) THE REQUESTED STATE SHALL PROMPTLY COMMUNICATE TO THE REQUESTING STATE THROUGH THE DIPLOMATIC CHANNEL THE DECISION ON THE REQUEST FOR EXTRADITION.

(2) IF A WARRANT OR ORDER FOR THE EXTRADITION OF A PERSON SOUGHT HAS BEEN ISSUED BY THE COMPETENT AUTHORITY AND HE IS NOT REMOVED FROM THE TERRITORY OF THE REQUESTED STATE WITHIN SUCH TIME AS MAY BE PRESCRIBED BY THE LAWS OF THAT STATE, HE MAY BE SET AT LIBERTY AND THE REQUESTED STATE MAY SUBSEQUENTLY REFUSE TO EXTRADITE THAT PERSON FOR THE SAME OFFENSE.

## ARTICLE 15

(1) TO THE EXTENT PERMITTED UNDER THE LAW OF THE REQUESTED STATE AND SUBJECT TO THE RIGHTS OF THIRD PARTIES, WHICH SHALL BE DULY RESPECTED, ALL ARTICLES ACQUIRED AS A RESULT OF THE OFFENSE OR WHICH MAY BE REQUIRED AS EVIDENCE SHALL, IF FOUND, BE SURRENDERED TO THE REQUESTING STATE IF EXTRADITION IS GRANTED.

(2) SUBJECT TO THE QUALIFICATIONS OF PARAGRAPH (1) OF THIS ARTICLE, THE ABOVE-MENTIONED ARTICLES SHALL BE RETURNED TO THE REQUESTING STATE EVEN IF THE EXTRADITION, HAVING BEEN AGREED TO, CANNOT BE CARRIED OUT OWING TO THE DEATH OR ESCAPE OF THE PERSON SOUGHT.

## ARTICLE 16

(1) THE RIGHT TO TRANSPORT THROUGH THE TERRITORY OF ONE OF THE CONTRACTING PARTIES A PERSON SURRENDERED TO THE OTHER CONTRACTING PARTY BY A THIRD STATE SHALL BE GRANTED ON REQUEST MADE THROUGH THE DIPLOMATIC CHANNEL, PROVIDED THAT CONDITIONS ARE PRESENT WHICH WOULD WARRANT EXTRADITION OF SUCH PERSON BY THE STATE OF TRANSIT AND REASONS OF PUBLIC ORDER ARE NOT OPPOSED TO THE TRANSIT.

(2) THE PARTY TO WHICH THE PERSON HAS BEEN EXTRADITED SHALL REIMBURSE THE PARTY THROUGH WHOSE TERRITORY SUCH PERSON IS TRANSPORTED FOR ANY EXPENSES INCURRED BY THE LATTER IN CONNECTION WITH SUCH TRANSPORTATION.

ARTICLE 17

(1) EXPENSES RELATED TO THE TRANSPORTATION OF THE PERSON SOUGHT TO THE REQUESTING STATE SHALL BE PAID BY THE REQUESTING STATE. THE APPROPRIATE LEGAL OFFICERS OF THE STATE IN WHICH THE EXTRADITION PROCEEDINGS TAKE PLACE SHALL, BY ALL LEGAL MEANS WITHIN THEIR POWER, ASSIST THE REQUESTING STATE BEFORE THE RESPECTIVE JUDGES AND MAGISTRATES.

(2) NO PECUNIARY CLAIM, ARISING OUT OF THE ARREST, DETENTION, EXAMINATION AND SURRENDER OF PERSONS SOUGHT UNDER THE TERMS OF THIS TREATY, SHALL BE MADE BY THE REQUESTED STATE AGAINST THE REQUESTING STATE.

*ARTICLE 17 bis*

*If both contracting Parties have jurisdiction to prosecute the person for the offense for which extradition is sought, the executive authority of the requested State, after consulting with the executive authority of the requesting State, shall decide whether to extradite the person or to submit the case to its competent authorities for the purpose of prosecution. In making its decision, the requested State shall consider all relevant factors, including but not limited to:*
    *(i) the place where the act was committed or intended to be committed or the injury occurred or was intended to occur;*
    *(ii) the respective interests of the Contracting Parties;*
    *(iii) the nationality of the victim or the intended victim; and*
    *(iv) the availability and location of the evidence.*

ARTICLE 18

(1) THIS TREATY SHALL BE RATIFIED AND THE INSTRUMENTS OF RATIFICATION SHALL BE EXCHANGED AT OTTAWA AS SOON AS POSSIBLE.

(2) THIS TREATY SHALL TERMINATE AND REPLACE ANY EXTRADITION AGREEMENTS AND PROVISIONS ON EXTRADITION IN ANY OTHER AGREEMENT IN FORCE BETWEEN THE UNITED STATES AND CANADA; EXCEPT THAT THE CRIMES LISTED IN SUCH AGREEMENTS AND COMMITTED PRIOR TO ENTRY INTO FORCE OF THIS TREATY SHALL BE SUBJECT TO EXTRADITION PURSUANT TO THE PROVISIONS OF SUCH AGREEMENTS.

(3) THIS TREATY SHALL ENTER INTO FORCE UPON THE EXCHANGE OF RATIFICATION. /1/ IT MAY BE TERMINATED BY EITHER CONTRACTING PARTY GIVING NOTICE OF TERMINATION TO THE OTHER CONTRACTING PARTY AT ANY TIME AND THE TERMINATION SHALL BE EFFECTIVE SIX MONTHS AFTER THE DATE OF RECEIPT OF SUCH NOTICE.

IN WITNESS WHEREOF THE UNDERSIGNED, BEING DULY AUTHORIZED THERETO BY THEIR RESPECTIVE GOVERNMENTS, HAVE SIGNED THIS TREATY.

DONE IN DUPLICATE, IN THE ENGLISH AND FRENCH LANGUAGES, EACH LANGUAGE VERSION BEING EQUALLY AUTHENTIC, AT WASHINGTON THIS THIRD DAY OF DECEMBER, ONE THOUSAND NINE HUNDRED SEVENTY ONE.

FOR THE UNITED STATES OF AMERICA:
(S) /2/
FOR CANADA:
(S) /3/

First Protocol Addendums

### *ARTICLE VIII*

*Notwithstanding paragraph (2) of Article 18 of the Extradition Treaty, this Protocol shall apply in all cases where the request for extradition is made after its entry into force regardless of whether the offense was committed before or after that date.*

### *ARTICLE IX*

*(1) This Protocol shall be subject to ratification in accordance with the applicable procedures of the Government of the United States and the Government of Canada and instruments of ratification shall be exchanged as soon as possible.*

*(2) The Protocol shall enter into force upon the exchange of instruments of ratification.*

Second Protocol Addendum

***Notwithstanding paragraph (2) of Article 18 of the Extradition Treaty, this Protocol shall apply in all cases where the request for extradition is made after its entry into force regardless of whether the offense was committed before or after that date.***

CAPS = ORIGINAL TREATY
*italic = amendments by First Protocol*
***bold italic = amendments by Second Protocol***