# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**UNITED STATES OF AMERICA,**

vs.                                                               **CASE NO. 4:06mj136-WCS**

**STEVEN LEE BATCHELDER,**

      **Defendant.**

_____/

## ORDER DEFERRING RULING ON
## MOTION TO QUASH PROVISIONAL ARREST WARRANT

Defendant has filed a motion to quash the provisional arrest warrant in this case or, in the alternative, a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Doc. 6. The United States filed a response. Doc. 7. Defendant filed a reply. Doc. 11.

The alternative cannot be considered in this case. If Defendant wishes to file a petition for writ of habeas corpus, Defendant must file a separate petition accompanied by the filing fee and name his custodian as Respondent. That will create a separate case that will be assigned to a district judge and to a magistrate judge. The filing in this case is ineffective to seek § 2241 relief.

The motion to quash, however, is properly before me. Defendant argues that the arrest warrant was executed on October 25, 2006, citing document 4. Defendant states

that section (3) of Article 11 of the Extradition Treaty in force between the United States and Canada provides:

> A person arrested shall be set at liberty upon the expiration of sixty days from the date of arrest pursuant to such application if a request for extradition and the documents specified in Article 9 have not been received.

Extradition Treaty, U.S.-Canada, Art. 11, § (3), Dec. 3, 1971, 27 U.S.T. 983. At the time the motion was filed, Defendant states that neither he nor counsel was aware that any documents had been "received" from Canada pursuant to Article 9.

The arrest warrant was filed in this case as document 4. It has an executed return signed by a Deputy United States Marshal stating that Defendant was arrested on October 25, 2006.

Deputy United States Marshal Linda Belyew has provided an affidavit that avers that Defendant was never taken into custody by the Marshals, but was transferred to the Florida Department of Corrections on October 26, 2006. Doc. 7-2 on the electronic docket. There is no record on this docket that Defendant was ever brought before me for a first appearance on this arrest warrant either, but it is possible that Defendant was arrested on the warrant and never brought for a first appearance.

It is judicially noted that the Florida Department of Corrections website[1] has a listing for a Steven L. Batchelder that states that this person, born on January 1, 1983, was sentenced in Leon County on October 17, 2006, to a term of one year and one day for several offenses committed in 2002. The current institution is Jackson Correctional Institution and the release date shown is currently July 24, 2007. The record also

---

[1] www.dc.state.fl.us/ActiveInmates/search.asp

Case No. 4:07mj136-WCS

shows that there was a United States Marshal's detainer dated November 15, 2006, which was canceled on December 12, 2006.  It is unknown whether the Batchelder reported on the Department of Corrections website is Defendant in this case.  But if it is, there is no detainer lodged against him now according to Florida Department of Corrections records.  The lack of a detainer could be because the Marshal no longer has a warrant to file, or it could be that the Marshal has not notified the Department of Corrections of a warrant.  It is probably the former.

In light of this evidence, I find that the provisional arrest warrant was executed on October 25, 2006.  There has never been a first appearance on this arrest.  It is my duty to provide a first appearance on the complaint, and I will remedy this problem with this order.

The United States has shown that the provisions of Article 9 of the treaty have been satisfied because in late November, 2006, the documents were sent as required by the Canadian Embassy.  Doc. 7-3 on the electronic docket.  The diplomatic note number 0344 is dated November 24, 2006, and is stamped received on November 27, 2006.  Doc. 7-2, pp. 4-6.

Defendant argues that there is still no proof that Canada has sent to the United States the Canadian arrest warrant.  Doc. 11.  The diplomatic note, however, states that an arrest warrant was issued June 11, 2006, by a Canadian Justice of the Peace.  Doc. 7-2, p. 5.  It is also represented that documents "in support of this request have been forwarded directly to the appropriate U.S. authorities."  *Id.*, p. 6.  The affidavit of Emily E. Daughtry is under oath, but it fails to identify the documents received to establish that the requirements of the treaty have been met.

Case No. 4:07mj136-WCS

I am left with two loose ends.  It may be that the documents required by treaty were furnished within 90 days of the date of execution of the arrest warrant, but the Government has yet to prove it.  In particular, the Government must present sworn evidence that the United States has received the Canadian arrest warrant.

Also, there has been no first appearance on this complaint.  I must hold a first appearance to advise Defendant of his rights and determine the status of counsel.  Alternatively, the Government may dismiss the complaint and, if extradition is still sought, refile the same complaint.  That presumably would result in the issuance of a new arrest warrant that would not be executed until Defendant is released from state custody.

Accordingly, it is **ORDERED** that:

1. Ruling on Defendant's motion to quash the provisional arrest warrant, doc. 6, is **DEFERRED**.  On or before **February 27, 2007**, the Government shall file additional sworn evidence to show compliance with the treaty.

2. The Clerk shall schedule a first appearance before me on the complaint.  The Clerk shall issue a writ ad prosequendum directed to Defendant's current custodian in the Florida Department of Corrections, which appears to be the Warden at Jackson Correctional Institution.

3.  Defendant's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 cannot be considered for the reasons set forth above, and therefore is **DENIED without prejudice**.

**DONE AND ORDERED** on February 13, 2007.

>   s/   William C. Sherrill, Jr.
>   **WILLIAM C. SHERRILL, JR.**
>   **UNITED STATES MAGISTRATE JUDGE**