

Embassy of the United States of America

## Certificate to be Attached to Documentary Evidence Accompanying Requisitions in the United States for Extradition

### AMERICAN FOREIGN SERVICE

Ottawa, Canada, November 20, 2006
(Place and date)

I, Keith Powell, II, Consul General of the United States of America at

Ottawa, Canada, hereby certify that the annexed papers, being supporting documentation,

are proposed to be used upon an application for the extradition from the United States of Steven Lee

Batchelder, who is wanted to stand trial on one count of abduction of a person under 14 years old, one

count of unlawful confinement and one count of invitation to sexual touching, alleged to have been

committed in the Province of Ontario, are properly and legally authenticated so as to entitle them to be

received in evidence for similar purposes by the tribunals of Canada, as required by Title 18, United

States Code, Section 3190.

In witness whereof I hereunto sign my name and cause my seal of office to be

affixed this  20th day of November,  2006.



Keith Powell, II
Consul General of the
United States of America

Form 36- Foreign S

Department of Justice   Ministère de la Justice
Canada                  Canada

Ottawa, Canada
K1A 0H8

## CERTIFICATE OF AUTHENTICATION

IN THE MATTER OF the extradition of *Steven
Lee Batchelder* from the United States of
America to Canada on charges of abduction of
a child under 14 years, forcible confinement
and invitation to sexual touching.

I, Claude Lefrançois, Senior Counsel, International
Assistance Group, Department of Justice of Canada, do
hereby certify:

THAT attached to this Certificate is authenticated
documentation presented by Canada in support of the
extradition of *Steven Lee Batchelder* who is wanted to
stand trial on one count of abduction of a person under
14; one count of unlawful confinement and one count of
invitation to sexual touching, in contravention of
sections 281, 279(2) and 152 of the *Criminal Code* of
Canada respectively.

THAT the documentation attached to this certificate is
composed of:

- the certified true copy of the Affidavit of law of
  GREG SKERKOWSKI, Crown Prosecutor, Ministry of
  Attorney General of Ontario;

- the certified true copy of the Affidavit of fact
  of Detective CHRISTOPHER LEMAICH, peace officer,
  Niagara Regional Police Service, to which is
  attached:

        - as Exhibit A, certified true copy of the
          Information;

        - as Exhibit B, certified true copy of the
          warrant for arrest;

# Canadä

- 2 -

THAT Matthew John Richard Asma whose original signature appears at the end of the Affidavit of GREG SKERKOWSKI is a Commissioner of Oaths in and for the Province of Ontario, having been duly commissioned and duly authorized by the laws thereof to administer oaths and to take affidavits within the said Province.

THAT Patricia Thompson whose signature appears at the end of the Affidavit of CHRISTOPHER LEMAICH, is a Commissioner of Oaths in and for the regional municipality of Niagara, having been duly commissioned and duly authorized by the laws thereof to administer oaths and to take affidavits within the said regional municipality.

THAT Mary Lalicich who certified the copy of the Information, is a clerk of the Ontario Court of Justice, having been duly appointed to that office, and as such is empowered to certify such documents.

THAT Rose Pierson who certified the copy of the Warrant for Arrest, is a Commissioner of Oaths in and for the regional municipality of Niagara, having been duly appointed to that office, and as such is empowered to certify such documents.

The Seal of the Minister of Justice of Canada is hereby affixed this 9th day of November 2006.

Claude Lefrançois

CANADA ) HER MAJESTY THE QUEEN
)
PROVINCE OF ONTARIO ) v.
)
) STEVEN LEE BATCHELDER

IN THE MATTER of a request by Canada for the
extradition of STEVEN BATCHELDER from the
United States of America on charges of Abduction of
a Child Under 14 years, Forcible Confinement and
Invitation to Sexual Touching, contrary to the
*Criminal Code of Canada.*

---

## REQUEST FOR EXTRADITION FROM
## THE UNITED STATES OF AMERICA TO CANADA

---

## MINISTRY OF THE ATTORNEY GENERAL
## CROWN LAW OFFICE - CRIMINAL
## 720 BAY STREET, 10TH FLOOR
## TORONTO, ONTARIO
## M5G 2K1

**Greg Skerkowski**
**Crown Counsel**
**Tel: (416) 326-4609**
**Fax: (416) 326-4656**

**Email: Greg.Skerkowski@jus.gov.on.ca**

| | | |
|---|---|---|
| **CANADA** | ) | **HER MAJESTY THE QUEEN** |
| | ) | |
| **PROVINCE OF ONTARIO** | ) | **v.** |
| | ) | |
| | ) | **STEVEN LEE BATCHELDER** |

IN THE MATTER of a request by Canada for the extradition of STEVEN BATCHELDER from the United States of America on charges of Abduction of a Child Under 14 years, Forcible Confinement and Invitation to Sexual Touching, contrary to the *Criminal Code of Canada*.

---

### REQUEST FOR EXTRADITION FROM
### THE UNITED STATES OF AMERICA TO CANADA

---

### <u>INDEX</u>

Affidavit of Facts of Christopher Lemaich dated September 29, 2006........................1

Information charging Steven Batchelder dated June 22, 2006.......................A

Warrant for the arrest of Steven Batchelder dated June 22, 2006....................B

Photograph of Steven Batchelder.......................................................C

Affidavit of Law of Greg Skerkowski dated October 31, 2006................................2

| | | |
|---|---|---|
| **CANADA** | ) | **HER MAJESTY THE QUEEN** |
| | ) | |
| **PROVINCE OF ONTARIO** | ) | **v.** |
| | ) | |
| **CENTRAL SOUTH REGION** | ) | **STEVEN BATCHELDER** |

IN THE MATTER of a request by Canada for the
extradition of STEVEN BATCHELDER from the
United States of America on charges of Abduction of
a Child Under 14 years, Forcible Confinement and
Invitation to Sexual Touching.

## AFFIDAVIT OF CHRISTOPHER LEMAICH

I, Christopher LEMAICH, of the Town of Fort Erie in the Central South Region, in the Province
of Ontario, Canada, a Police Officer, MAKE OATH AND SAY AS FOLLOWS:

## A.    INTRODUCTION

1.      I am a member of the Niagara Regional Police Service, which polices the Niagara Region
of Ontario, Canada, and have been so employed since September of 1992. I presently hold the
rank of Detective, and am assigned to #5 District, Fort Erie Detective Services.    I previously
worked for many years as a patrol officer. I am the chief investigating officer in the case of
*Regina. v. Batchelder*, and, as such, I have knowledge of the matters contained in this my
affidavit.

2.      All these events outlined below occurred in the Town of Fort Erie, Ontario that is a community directly across the International Boundary and Niagara River from the City of Buffalo in New York State.

3.      As a result of my position as the officer in charge on this file, I verily believe that the following facts are an outline of the investigation of the offences in this matter. As a result of this investigation, on June 22, 2006, Steven Batchelder (hereinafter referred to as "Batchelder") was charged with Abduction of a Child Under Fourteen Years, Forcible Confinement and Invitation to Sexual Touching. Batchelder could not be located at that time, and a Canada Wide Warrant to Arrest was issued for Batchelder on the aforementioned charges. Batchelder is a citizen of the United Sates of America with family ties in the State of Florida.

4.      On Wednesday, August 16, 2006, I spoke with Agent Mike Ragans of the United States Marshals Service – Violent Fugitive Task Force. He advised me that Batchelder was currently in custody on unrelated matters at the Leon County Jail. Batchelder surrendered himself to the Leon County Sheriffs Office in Tallahassee, Florida.

## B.      CRIMINAL CHARGES FOR WHICH CANADA SEEKS EXTRADITION

5.      Canada seeks the surrender of Steven Batchelder on the following charges:

   i)      On an Criminal Information sworn on June 22, 2006:

         (a)      Steven Batchelder on or about the 21st day of June in the year 2006 at the Town of Fort Erie, in the Central South Region, in the Province of

2

Ontario, Canada did, not being the parent, guardian, or person having the lawful care or charge of Naomie Kumbu, a person under the age of fourteen years, unlawfully entice away that person with the intent to deprive a parent, namely Claudine Kawulu, of that person, contrary to section 281 of the Criminal Code of Canada, and further that:

(b)     Steven Batchelder on or about the 21st day of June in the year 2006 at the Town of Fort Erie, in the Central South Region, in the Province of Ontario, Canada did, without lawful authority confine Naomie Kumbu, contrary to section 279(2) of the Criminal Code of Canada, and further that:

(c)     Steven Batchelder on or about the 21st day of June in the year 2006 at the Town of Fort Erie, in the Central South Region, in the Province of Ontario, Canada did, for a sexual purpose, invite, a person under the age of fourteen years, namely Naomie Kumbu to directly touch with a part of his body the body of Steven Batchelder, contrary to section 152 of the Criminal Code of Canada.

6.     Accompanying this my affidavit and marked as Exhibit "A" is a certified copy of the Information charging Batchelder with the offences referred to in paragraph 5, which was sworn by Detective Sergeant Wayne Genders before Her Worship, Justice of the Peace Donna Cowan on June 22, 2006. Mary Lalicich who is a clerk of the court certified a copy as a true copy of the original on August 23, 2006.

7.     Also accompanying this my affidavit and marked as Exhibit "B" is a certified copy of an arrest warrant which Her Worship, Justice of the Peace Donna Cowan issued on June 22, 2006. This warrant authorizes police in Canada to arrest Batchelder on the charges referred to at paragraph 5, allegedly committed on June 21, 2006. Rose Pierson, who is an employee of the Niagara Regional Police Service and a Commissioner of Oaths, certified a copy as a true copy of the original on August 22, 2006.

## C.     SUMMARY OF OFFENCES AND INVESTIGATION

3

8.      On June 21, 2006, officers with the Niagara Regional Police Service attended Fort Erie Public School located on Central Avenue in the Town of Fort Erie for a reported abduction. Upon arrival at the school, officers gathered information and learned that the victim Naomie Kumbu had been transported to the Douglas Memorial Hospital for treatment of injuries.

9.      Police Constable Ryan attended the hospital and made observations of Naomie Kumbu. She was being treated for several scrapes to her arms and inside of the wrists consistent with her striking a roadway at some speed. At the conclusion of the medical treatment Naomie Kumbu was taken to #5 District of the Niagara Regional Police Service to be interviewed.

10.     Detective Constable Josie Hollingshead is a member of the Niagara Regional Police Service presently assigned to the Child Abuse Unit.   Detective Constable Hollingshead interviewed Naomie Kumbu in the interview room at #5 District. During this interview, Naomie Kumbu related the information contained in paragraphs 11 through 15 below.

11.     Naomie Kumbu is 12 years of age and lives with her mother Claudine and her brother Prince. She is a student in grade 6 at Fort Erie Public School. She has been in Canada for three months, having emigrated from Congo, Africa.

12.     On June 21, 2006 at about 8:15 am Naomie Kumbu was waiting for her school bus at the corner of Waterloo Street and Murray Street, in the Town of Fort Erie. A few minutes later a newer silver four-door vehicle with a lone male driver pulled up to Naomie Kumbu and stopped. This male engaged her in a conversation and asked if she needed a ride to school. She declined

4

his offer, as she did not know the male. This male then stated that he was "John's friend" and promised to take her to school. Naomie Kumbu then assumed that the male in the car was the same male who had played basketball with her friend John Makolo.

13.   Naomie Kumbu then got into the car on the passenger side. The male introduced himself and commented that she smelled really nice. The male then asked her for a kiss on the cheek. Naomie Kumbu then started to become worried as the male was not driving in the direction of the school and commented on this. The male then accelerated the vehicle and commented, "I'll take you wherever I want." Naomie Kumbu was aware that the street the vehicle was presently on was a dead end road. She was fearful of what may occur at the end of the roadway.

14.   Naomie Kumbu tried to open the passenger door but it was locked. The male then grabbed her by the left wrist and held on very tight. She was able to unlock the door with her right hand and open the door. Naomie Kumbu was so fearful for her safety that she jumped from the moving vehicle onto the pavement. This caused the injuries observed by Police Constable Ryan at the hospital. Naomie Kumbu then went to a friend she saw in the area that she recognized from church. However, she refused any offer of assistance and walked to the next bus stop just up the road to make her way to school.

15.   Once on the school bus Naomie Kumbu spoke with her friend John Makolo and told him what had happened. John Makolo then commented that he, his sister and his aunt all observed her get into the vehicle a few minutes ago. John Makolo further advised he had spoken with the male driver of the silver automobile in front of his house just prior to this male's interaction with

5

Naomie Kumbu.    John Makolo was previously acquainted with this male as he had played basketball with him on occasion.  The school bus driver had noticed the injuries to Naomie Kumbu and called ahead to the school so that they could inquire into what had happened and to determine if any medical treatment if it was required.

16.    As these events were happening, a concerned citizen Timothy Buss of 33 Forsythe Street, Fort Erie, observed what he thought to be a suspicious male seated in a vehicle near his residence.  Timothy Buss had his attention drawn to this vehicle as it was parked facing the wrong way on a one-way street.  He took note that the vehicle was a silver Oldsmobile Alero with a lone white male driver.  Timothy Buss, concerned by his observations, contacted the Niagara Regional Police and provided them with the vehicle's licence plate number.  The vehicle associated to that plate was a 2003 Oldsmobile Alero grey registered to Rita Supples of 1093 Edgemere Road, Fort Erie.

17.    Based on the information provided by Timothy Buss, Police Constable MacIsaac of the Niagara Regional Police Service attended at the dwelling house of the registered owner to investigate this "suspicious auto complaint".  Once at the residence Police Constable MacIsaac observed the auto in the driveway and made note that the engine was still rather warm.  Police Constable MacIsaac spoke briefly with Rita Supples, who claimed that no one drives her vehicle and she is at the home with her disabled granddaughter.  Officer MacIsaac then left the home only to hear transmissions concerning the abduction and related information over the police radio.  He took note that the description of the auto involved in the abduction matched the auto owned by Supples.

6

18.   At the same time but totally independent of the investigation of Police Constable MacIsaac, Police Sergeant Burbidge of the Niagara Regional Police Service, who was assisting in the investigation of the attempted abduction, was able to locate the John Makolo referred to by the victim and interview him.  John Makolo stated that the male in the silver car had indeed played basketball with him on prior occasions and often associated with the people at the Johns' residence that is right across the street from him.

19.   Sergeant  Burbidge then attended the Johns' residence and spoke with Jimmy Johns and his mother.  Sergeant  Burbidge learned the following additional information from the Johns:

- ❑   That the male had the first name of "Steve";
- ❑   That "Steve" had claimed that he used to live in Florida but now lived in Ontario;
- ❑   That they had not seen "Steve" around in a few days;
- ❑   That "Steve" drives a silver Pontiac Grand Prix that is owned by his grandmother that has Ontario plates;
- ❑   That "Steve" lived somewhere off of Dominion Road, Fort Erie.

Sergeant Burbidge then broadcast this information to all police units to assist in locating this male "Steve".

20.   Police Constable MacIsaac immediately recognized the similarities between the auto owned by Rita Supples and the auto involved in the abduction.  He shared this information with Sergeant Burbidge who then attended the dwelling house of Rita Supples and spoke briefly with her.

7

21.     During this interview with Sergeant Burbidge, Rita Supples maintained that she and her granddaughter were the only ones at the house, and that no one could possibly have been driving her car. Sergeant Burbidge then inquired about her grandson "Steven". Rita Supples became visibly shaken by the inquiry and commented that he was living in Florida and had not seen him since mother's day. Sergeant Burbidge inquired further, at which time she stated Steven had been staying there a few days but he was not there now. Meanwhile, Police Constable Swan of the Niagara Regional Police Service spoke with a neighbour who reported seeing the male running from the house directly to the nearby Lake Erie beach and then in an easterly direction. This event occurred earlier on the morning of June 21, 2006.

22.     On June 21, 2006, Detective Merz of the Niagara Regional Police Service, Forensic Services Unit, with the informed consent of Rita Supples, the owner of the 2003 Oldsmobile Alero, conducted a search of the auto. Inside a bill fold in the centre console of the auto, Detective Merz located a State of Florida drivers license in the name of Steven Lee Batchelder, licence number B324-792-83-001, with a date of birth of 1983-January-01.

23.     On June 21, 2006 I interviewed Rita Supples at her dwelling house. She provided the following information to me:

- ❑ That her grandson Steven Batchelder had indeed been staying with her;
- ❑ That Steven Batchelder drove her auto north from Florida to her summer home in Fort Erie in the spring of 2006, and had been staying there with her ever since;
- ❑ That Steven Batchelder has significant family ties to the state of Florida, in particular Hollywood, Florida.

8

Given this information I contacted the Department of Homeland Security, Leon County Sheriffs Office and the United States Marshals Service to request the assistance of these American agencies in attempting to locate Steven Batchelder. I learned that the Leon County Sheriffs Office was then seeking Steven Batchelder for four outstanding arrest warrants for alleged violations of probation.

24.     On June 22, 2006, Detective Sergeant Wayne Genders of the Niagara Regional Police Service attended the Ontario Court of Justice and appeared before Her Worship, Justice of the Peace Donna Cowan. At that time Detective Sergeant Wayne Genders swore a Criminal information before Her Worship Cowan, outlining the charges as stated in paragraph 5 (Exhibit "A" to this affidavit). Her Worship Cowan also issued Canada Wide warrant of arrest for Steven Batchelder for the charges referred to in paragraph 5 (Exhibit "B" to this affidavit).

25.     On Wednesday August 16, 2006 I received a telephone call from Special Agent Mike Ragans of the United States Marshals' Service – Violent Fugitive Task Force of North Florida. I was advised that Steven Lee Batchelder had surrendered himself to the Leon County Sheriffs Office on Tuesday, August 15, 2006 and that he was presently being held at the Leon County Jail on the strength of the warrants outlined in paragraph 23.

## D.     FURTHER CONFIRMATION OF THE ACCUSED'S IDENTITY

26.     Given the information outlined above, the investigators believe the identity of the accused in this matter to be Steven Batchelder, born January 1, 1983, a citizen of the United States of America. To further confirm this, Niagara Regional Police were able to obtain a photograph of Steven Batchelder from American law enforcement officials. Accompanying this

9

my affidavit and marked as Exhibit "C" to this affidavit is a photograph of the person I known to American law enforcement agencies to be Steven Batchelder.

27.    This photograph of Steven Batchelder supplied by the American authorities was included then included in "photo line-up" with 12 photographs of other males whom were similar in appearance. On September 28, 2006 Sergeant Mark Dirisio of the Niagara Regional Police presented this photo line-up to the prosecution witness John Makolo. Mr Makolo was able to confidently select from the photographic line-up of 13 pictures the photograph of Steven Batchelder and identify him as the male whom he had previously played basketball with and whom he had spoken to immediately before Naomie Kumbu entered the vehicle he was driving (as detailed in paragraph 15 above).

## E.    CONCLUSION

28.    Based on the aforementioned grounds and other information contained herein, I have reasonable and probable grounds and do believe that Steven Batchelder committed the offences of Abduction of a Child Under 14 years, Forcible Confinement, and Invitation to Sexual Touching in Fort Erie, Ontario, Canada.

29.    I make this affidavit in support of a request by Canada for the extradition of Steven Batchelder and for no other or improper purpose.

SWORN BEFORE ME at the City of
Fort Erie in the Central South Region in
The Province of Ontario, Canada
This 29 Day of September, 2006.

Detective Christopher Lemaich

10

A Commissioner for the Taking of Oaths

PATRICIA THOMPSON, a Commissioner, etc..
Regional Municipality of Niagara, for
Niagara Regional Police Service.
Expires February 27, 2007

I certify that this is the original affidavit of Christopher Lemaich

11

# Exhibit "A"

PATRICIA THOMPSON, a Commissioner, etc.,
Regional Municipality of Niagara, for
Niagara Regional Police Service.
Expires February 27, 2007

NIAGARA REGIONAL POLICE SERVICE
OCC#: 06-58671

CANADA
PROVINCE OF ONTARIO
*PROVINCE DE L'ONTARIO*

CENTRAL SOUTH
(Region / *Région*)

Police Case ID#: 1451

Information of ___ $S_{GT} \cdot WAYNE \quad GENDERS$ ___ Inv.Off.:9118
*Dénonciation de :*
of ___ **NIAGARA REGIONAL POLICE SERVICE** ___ **PEACE OFFICER**
*de* ___ (occupation / *profession*)

The informant says that he/she believes on reasonable grounds that
*Le dénonciateur déclare qu'il a des motifs raisonnables de croire que*

(1) **BATCHELDER, Steven Lee**    DOB: 01 Jan. 1983
1093 EDGEMERE LN, FORT ERIE, ON L2A5G6


**Steven Lee BATCHELDER**

on or about the 21st day of June in the year 2006 at the Town of Fort Erie in the said
region did, not being the parent, guardian, or person having the lawful care or charge
of Naomie KUMBU, a person under the age of fourteen years, unlawfully entice away that
person with intent to deprive a parent, namely Claudine KAWULU, of that person,
contrary to Section 281 of the Criminal Code of Canada.


**COUNT 2 AND FURTHER THAT**

**Steven Lee BATCHELDER**

on or about the 21st day of June in the year 2006 at the Town of Fort Erie in the said
region did, without lawful authority confine Naomie KUMBU, contrary to Section 279,
subsection (2) of the Criminal Code of Canada.


**COUNT 3 AND FURTHER THAT**

**Steven Lee BATCHELDER**

on or about the 21st day of June in the year 2006 at the Town of Fort Erie in the said
region did, for a sexual purpose, invite, a person under the age of fourteen years,
namely Naomie KUMBU to directly touch with a part of his body the body of Steven
BATCHELDER, contrary to Section 152 of the Criminal Code of Canada.

CERTIFIED TO BE A TRUE AND
CORRECT COPY OF THE ORIGINAL
COPIE AUTHENTIQUE CERTIFEE
ET CONFORME A L'ORIGINAL

CLERK OF THE COURT
GREFFIER DE LA COUR
ONTARIO COURT (PROV. DIV.)
COUR DE L'ONTARIO (DIV. PROV.)

**Locked Down Date: June 21, 2006 09:04 PM**
Long Form – One or More Accsd. /
*ormule intégrale – Un ou plusieurs acc.*)
CCO-2-000-4 CSD (rev. 05/05) (inCHARGE 05/05)

☐ Interpreter / *Interprète* _____

## APPEARANCES - ADJOURNMENTS
### *COMPARUTIONS – AJOURNEMENTS*

Page "A"

| Date *Date* | Accused *Accusé(e)* | Adjournment *Ajournement* | Parties Consent Consentement des parties | Appearance Details *Détails de la comparution* | Counsel as Agent *Avocat(e) mandataire* | Fails to Appear *Omet de comparaître* | Bench Warrant *Mandat du tribunal* | Discretion *Discrétion* | Certificate of Default *Certificat de défaut* |
|---|---|---|---|---|---|---|---|---|---|
| Jne 22/06 | | | | WIFI | 2) | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |

| Date *Date* | Clerk *Greffier* | Reporter *Sténographe* | For Crown *Pour la Couronne* | For Accused *Pour l'accusé(e)* | Justice's Initials *Initiales du juge* |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | CERTIFIED TO BE A TRUE AND | | | | |
| | CORRECT COPY OF THE ORIGINAL | | | | |
| | COPIE AUTHENTIQUE CERTIFÉE | | | | |
| | ET CONFORME A L'ORIGINAL | | | | |
| | *Mary Raburn* | | | | |
| | CLERK OF THE COURT | | | | |
| | GREFFIER | | | | |
| | TRIAL COORT (CIV. PROV.) | | | | |
| | | | | | |
| | | | | | |

| Accused / *Accusé(e)* | | Notice Given Under H.T.A. *Avis en vertu du Code de la route* ☐ | Suspension *Suspension* ☐ | Impoundment *Mise en fourrière* |
|---|---|---|---|---|

Sworn before me at the _____ **CITY** _____
*Assermenté devant moi à(au)*
of / de   **ST CATHARINES** _____
in the Province of Ontario / *dans la province de l'Ontario*

this  **2 2**  day of _____ **JUNE** _____ , yr. **2006**
ce        *jour de*                          *an*

Informant / *Dénonciateur*

Justice of the Peace / *Juge de paix*

| | | | |
|---|---|---|---|
| ☐ Appearance Notice<br>*Citation à comparaître* | ☐ Promise to Appear<br>*Promesse de comparaître* | ☐ Recognizance<br>*Engagement pour* | for _____ , yr. _____<br>*le*                                      *an* |

☐ Confirmed on _____ , yr. _____
*Confirmé(e) le*                            *an*

Justice of the Peace
*Juge de paix*

☐ **Publication ban pursuant to** _____
*Interdiction de publication en vertu de*

| Date<br>*Date* | **Crown Elects to Proceed**<br>***Choix de la Couronne*** | ☐ Summarily<br>*Procédure*<br>*sommaire* | ☐ By Indictment<br>*Acte d'accusation* | ☐ Summary Conviction Offence(s)<br>*Infraction(s) punissable(s) sur déclaration*<br>*de culpabilité par procédure sommaire* | ☐ Indictable Offence(s)<br>*Infraction(s) punissable(s)*<br>*par mise en accusation* |
|---|---|---|---|---|---|

| Date<br>*Date* | Accused<br>*Accusé(e)* | Elects Trial by<br>*Choix d'un procès devant* | | | Preliminary Hearing<br>Requested<br>*Enquête préliminaire*<br>*demandée* | | Justice's<br>Initials<br>*Initiales*<br>*du juge* | Abs.<br>Juris.<br>Comp.<br>*absolue* | Pleads / *Plaidoyer* | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | Superior Court<br>*Cour supérieure* | | Ontario Court<br>*Cour de l'Ontario* | | | | | Guilty to Counts<br>*Coupable pour les*<br>*chefs d'accusation* | Not Guilty to Counts<br>*Non coupable pour les*<br>*chefs d'accusation* |
| | | Judge<br>Juge | Judge &<br>Jury / *Juge*<br>*et jury* | Judge On Counts<br>*Juge pour les*<br>*chefs d'accusation* | Yes<br>*Oui* | No<br>*Non* | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |

| Date<br>*Date* | Accused<br>*Accusé(e)* | Committed (or) Ord. Std. Trial *On Counts<br>*Interné(e) (ou) renvoyé(e) à son procès ***<br>*pour les chefs d'accusation* | Discharged on Counts<br>*Libéré(e) pour les*<br>*chefs d'accusation* | Found Guilty on Counts<br>*Reconnu(e) coupable pour*<br>*les chefs d'accusation* | Not Guilty on Counts<br>*Non coupable pour les*<br>*chefs d'accusation* |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

* ☐ With consent of accused and prosecutor, without taking or recording            ☐ (a) any evidence        (or)    ☐ (b) further evidence
*Avec le consentement de l'accusé(e) et du poursuivant sans recueillir ou consigner*                    *a) de preuve*          *(ou)*            *b) de preuve supplémentaire*

CERTIFIED TO BE A TRUE AND ... ORIGINAL ... CERTIFIÉE ... À L'ORIGINAL ... COURT ... LA COUR ... (PROV. DIV.) ... (DIV. PROV.)

Judge / *Juge*

↲ ☐ Victim Surcharge $ _____   Time to Pay _____
*Suramende compensatoire*              $ *Délai de paiement*

CCO-2-000-4 CSD (rev. 05/05) (inCHARGE 05/05)

No. of Information / N° de la dénonciation

Return Date of Summons / Sommation rapportée le
, yr. / an

INFORMATION Against / DÉNONCIATION visant

Address / Adresse

CHARGE / ACCUSATION

| Summons Sommation | Show Cause Audience de justification | Warrant 1st Mandat en 1re instance | Relayed Information Dénonciation déposée de nouveau |
|---|---|---|---|
| Reportable M.V. Offence (H.T.A. 199) Infraction V.M. à déclarer (Code de la route 199) | | C.V.O.R. No (Commercial Vehicles Only) Numéro C.E.C.V.U. (véhicules utilitaires seulement) | |

| Sex Sexe | Birth Date / Date de naissance | | | Was defendant owner? La partie défenderesse était-elle propriétaire? |
|---|---|---|---|---|
| | Day / Jour | Month / Mois | Year / Année | ☐ Yes / Oui  ☐ No / Non |

Driver's License Number / Numéro du permis de conduire

Plate No. / Numéro de plaque    ☐ Involves a Collision Infraction reliée à un accident

Informant
Dénonciateur

Date Sworn
Date d'assermentation

Officer / Agent de police                    No. / N°

Div.                                         Dist.

Courtroom / Salle d'audience

At / À (Au)

---

No. of Information / N° de la dénonciation

Return Date of Summons / Sommation rapportée le
, yr. / an

INFORMATION Against / DÉNONCIATION visant

Address / Adresse

CHARGE / ACCUSATION

| Summons Sommation | Show Cause Audience de justification | Warrant 1st Mandat en 1re instance | Relayed Information Dénonciation déposée de nouveau |
|---|---|---|---|
| Reportable M.V. Offence (H.T.A. 199) Infraction V.M. à déclarer (Code de la route 199) | | C.V.O.R. No (Commercial Vehicles Only) Numéro C.E.C.V.U. (véhicules utilitaires seulement) | |

| Sex Sexe | Birth Date / Date de naissance | | | Was defendant owner? La partie défenderesse était-elle propriétaire? |
|---|---|---|---|---|
| | Day / Jour | Month / Mois | Year / Année | ☐ Yes / Oui  ☐ No / Non |

Driver's License Number / Numéro du permis de conduire

Plate No. / Numéro de plaque    ☐ Involves a Collision Infraction reliée à un accident

Informant
Dénonciateur

Date Sworn
Date d'assermentation

Officer / Agent de police                    No. / N°

Div.                                         Dist.

Courtroom / Salle d'audience

At / À (Au)

---

INFORMATION Against / DÉNONCIATION visant
BATCHELDER, Steven Lee

Address / Adresse
1093 EDGEMERE LN
FORT ERIE, ON L2A5G6

CHARGE / ACCUSATION
DUCT PERSON UNDER FOURTEEN YEARS
RCIBLE CONFINEMENT
VITATION TO SEXUAL TOUCHING UNDER 14 YRS AGE

Doc#:06-58671

| Summons Sommation | Show Cause Audience de justification | Warrant 1st Mandat en 1re instance | Relayed Information Dénonciation déposée de nouveau |
|---|---|---|---|
| Reportable M.V. Offence (H.T.A. 199) Infraction V.M. à déclarer (Code de la route 199) | | C.V.O.R. No (Commercial Vehicles Only) Numéro C.E.C.V.U. (véhicules utilitaires seulement) | |

Show Cause: ☒ Warrant 1st

| Sex Sexe | Birth Date / Date de naissance | | | Was defendant owner? La partie défenderesse était-elle propriétaire? |
|---|---|---|---|---|
| M | Day / Jour 01 | Month / Mois 01 | Year / Année 1983 | ☐ Yes / Oui  ☐ No / Non |

Driver's License Number / Numéro du permis de conduire
B 3 2 4 7 9 2 8 3 0 0 1 0

Plate No. / Numéro de plaque    ☐ Involves a Collision Infraction reliée à un accident

Informant
Dénonciateur

Date Sworn
Date d'assermentation    JUN. , 2006

Officer / Agent de police                    No. / N°
SANDEL, PATRICK                              09118

Div.                                         Dist.
5 DISTRICT (FORT ERIE)

Courtroom / Salle d'audience
Room:

At / À (Au)

# Exhibit "B"

Patricia Thompson #2705

PATRICIA THOMPSON, a Commissioner, etc.,
Regional Municipality of Niagara, for
Niagara Regional Police Service.
Expires February 27, 2007

NIAGARA REGIONAL POLICE SERVICE                                                              Police Case ID: 1451

# WARRANT FOR ARREST WITH OPTIONAL AUTHORIZATION TO ENTER A DWELLING HOUSE
## MANDAT D'ARRESTATION AVEC AUTORISATION FACULTATIVE D'ENTRER DANS UNE MAISON D'HABITATION

OCC#: 06-58671

CANADA                                                                     Form / Formule 7
PROVINCE OF ONTARIO                                          Sections / Articles 475, 493, 597, 800, and / et 803
PROVINCE DE L'ONTARIO                                                      of the Criminal Code / du Code criminel

CENTRAL SOUTH .......  To the peace officers in the said Region and in the Province of Ontario:
(Region/Région)     Aux agents de la paix dans ladite région et dans la province de l'Ontario : ........................................

                                                                           Case/File No. / N° du cas/dossier

This warrant is issued for the arrest of  BATCHELDER, Steven Lee          01 Jan 1983
Le présent mandat est décerné pour l'arrestation de                        (date of birth / date de naissance)

.......... UNKNOWN .......... , of the .......... TOWN .......... of .......... FORT ERIE ..........
(occupation / profession)        du(de la)                    de

in the .......... REGION .......... of .......... NIAGARA .......... , hereinafter called the accused.
dans le(la)                  de                           ci-après appelé(e) le prévenu.

**WHEREAS** the accused has been charged that he/she,
*ATTENDU QUE le prévenu a été inculpé d'avoir,*

COUNT 1

on or about the 21st day of June in the year 2006 at the Town of Fort Erie in the said region
did, not being the parent, guardian, or person having the lawful care or charge of Naomie
KUMBU, a person under the age of fourteen years, unlawfully entice away that person with
intent to deprive a parent, namely Claudine KAWULU, of that person, contrary to Section 281
of the Criminal Code of Canada.

(see Appendix "A" attached)

## WARRANT IN THE
## FIRST INSTANCE

**AND WHEREAS:\***
*ET ATTENDU QUE :\**

(a)  there are reasonable grounds to believe that it is necessary in the public interest to issue this warrant for the arrest of
the accused (507(4), 512(1));
*il existe des motifs raisonnables de croire qu'il est nécessaire dans l'intérêt public de décerner ce mandat pour
l'arrestation du prévenu (507(4), 512(1));*

(b)  the accused failed to attend court in accordance with the summons served upon him/her (512(2));
*le prévenu a omis d'être présent au tribunal en conformité avec la sommation qui lui a été signifiée (512(2));*

(c)  (an appearance notice or a promise to appear or a recognizance entered into before an officer in charge) was
confirmed and the accused failed to attend court in accordance therewith (512(2));
*(une citation à comparaître ou une promesse de comparaître ou un engagement contracté devant un fonctionnaire
responsable) a été confirmé(e) et le prévenu a omis d'être présent au tribunal en conformité avec cette citation ou
promesse ou cet engagement (512(2));*

(d)  it appears that a summons cannot be served because the accused is evading service (512(2));
*il semble qu'une sommation ne peut être signifiée car le prévenu se soustrait à la signification (512(2));*

(e)  the accused was ordered to be present at the hearing of an application for a review of an order made by a justice and
did not attend the hearing (520(5), 521(5));
*il a été ordonné au prévenu de se présenter à l'audience d'une requête pour l'examen d'une ordonnance rendue par
un juge et il ne s'y est pas présenté (520(5), 521(5));*

(f)  there are reasonable grounds to believe that the accused has contravened or is about to contravene the (summons or
appearance notice or promise to appear or undertaking or recognizance) on which he was released (524(1),
525(5), 679(6));
*il y a des motifs raisonnables de croire que le prévenu a violé ou est sur le point de violer (sommation ou citation à
comparaître ou promesse de comparaître ou une promesse ou un engagement) en raison duquel ou de laquelle il a
été mis en liberté (524(1), 525(5), 679(6));*

(g)  there are reasonable grounds to believe that the accused has since his/her release from custody on (any summons or
appearance notice or promise to appear or an undertaking or a recognizance) committed an indictable offence (524(1),
525(5), 679(6));
*il y a des motifs raisonnables de croire que, depuis sa mise en liberté sur (toute sommation ou citation à comparaître
ou promesse de comparaître ou une promese ou un engagement), le prévenu á commis un acte criminel (524(1),
525(5), 679(6));*

\* Initial applicable recital.
 Parapher l'attendu qui s'applique.

Locked Down Date: June 21, 2006 09:05 PM
CCO-7-475-1 (rev. 07/04) (posted 13/08/04)   inCHARGE (12/04)

CERTIFIED TO BE A TRUE AND
CORRECT COPY OF THE ORIGINAL

*[signature]*

Commissioner for taking Affidavits
NIAGARA REGIONAL POLICE SERVICE

**WARRANT FOR ARREST WITH OPTIONAL AUTHORIZATION TO ENTER A DWELLING HOUSE**
*MANDAT D'ARRESTATION AVEC AUTORISATION FACULTATIVE D'ENTRER DANS UNE MAISON D'HABITATION*
Form / *Formule 7*
Sections / *Articles* 475, 493, 597, 800, and / *et* 803
of the *Criminal Code* / *du* Code criminel

(h) the accused was required by (an appearance notice *or* a promise to appear *or* a recognizance entered into before an officer in charge *or* a summons) to attend at a time and place stated therein for the purposes of the *Identification of Criminals Act* and did not appear at the time and place (502, 510);
*le prévenu devait en vertu (d'une citation à comparaître ou d'une promesse de comparaître ou d'un engagement contracté devant un fonctionnaire responsable ou une sommation) comparaître aux temps et lieu y indiqués aux fins de la Loi sur l'identification des criminels et a omis de comparaître aux temps et lieu ainsi indiqués (502, 510);*

(i) an indictment has been found against the accused and the accused has not appeared or remained in attendance before the court for his trial (597);
*un acte d'accusation a été présenté contre le prévenu et celui-ci n'a pas comparu ou n'est pas demeuré présent pour son procès (597);*

(j) **

**THIS IS THEREFORE**, to command you, in Her Majesty's name, forthwith to arrest the said accused and to bring him/her before the presiding Justice/~~Judge of the Superior Court of Justice~~/Ontario Court of Justice*** of the said Region or before me or any Justice in and for the said Region, to answer to the said charge.
*IL VOUS EST PAR LES PRÉSENTES enjoint, au nom de Sa Majesté, d'arrêter ledit prévenu et de l'amener devant le juge de paix ou juge président de la Cour supérieure de justice/Cour de justice de l'Ontario*** de ladite région ou devant moi ou tout juge de paix dans et pour ladite région, pour répondre à ladite inculpation.*

DATED this   2 2   day of   **JUNE**   , yr.   **2006**
*FAIT ce*        *jour de*          *an*

at the   **CITY**
*á(au)*

of   **ST CATHARINES**
*de*

in the Province of Ontario / *dans la province de l'Ontario*

Judge, or Justice of the Peace / *Juge ou juge de paix*

** For any case not covered by recitals (a) to (i), insert recital in the words of the statute authorizing the warrant.
*Pour toute cas qui n'est pas couverte par les attendus a) à i), insérez l'attendu en empruntant les termes de la loi autorisant le mandat.*

*** Choose applicable recital.
*Choisir l'attendu qui s'applique.*

Appendix "A"                                                                      **Page 1**
(BATCHELDER, Steven Lee)

**COUNT 2 AND FURTHER THAT**

On or about the 21st day of June in the year 2006 at the Town of Fort Erie in the said region did, without lawful authority confine Naomie KUMBU, contrary to Section 279, subsection (2) of the Criminal Code of Canada.

**COUNT 3 AND FURTHER THAT**

On or about the 21st day of June in the year 2006 at the Town of Fort Erie in the said region did, for a sexual purpose, invite, a person under the age of fourteen years, namely Naomie KUMBU to directly touch with a part of his body the body of Steven BATCHELDER, contrary to Section 152 of the Criminal Code of Canada.

CERTIFIED TO BE A TRUE AND
CORRECT COPY OF THE ORIGINAL

AUG 2 2006

Commissioner for taking Affidavits
NIAGARA REGIONAL POLICE SERVICE

# Exhibit "C"

Patricia Thompson #3705

PATRICIA THOMPSON, a Commissioner, etc.,
Regional Municipality of Niagara, for
Niagara Regional Police Service.
Expires February 27, 2007

| | | |
|---|---|---|
| **CANADA** | ) | **HER MAJESTY THE QUEEN** |
| | ) | |
| **PROVINCE OF ONTARIO** | ) | **v.** |
| | ) | |
| | ) | **STEVEN LEE BATCHELDER** |

IN THE MATTER of a request by Canada for the extradition of STEVEN BATCHELDER from the United States of America on charges of Abduction of a Child Under 14 years, Forcible Confinement and Invitation to Sexual Touching, contrary to the *Criminal Code of Canada.*

---

### AFFIDAVIT OF GREG SKERKOWSKI

---

I, Greg Skerkowski, of the City of Toronto, Municipality of Metropolitan Toronto, in the

Toronto Region, in the Province of Ontario, Canada, **MAKE OATH AND SAY AS**

**FOLLOWS:**

### A.   QUALIFICATIONS

1.     I am a citizen of Canada, and a resident of the City of Toronto, in the Province of

Ontario, Canada.

2.    In July of 2005, I was called to the Bar of the Province of Ontario. From that time until the present time, I have been a member of good standing at the Law Society of Upper Canada. As such, I am entitled to practice law and have practiced law in the Province of Ontario as a Barrister and Solicitor. From the date of my call to the Bar until the present date, I have held the position of Crown Counsel employed at the Crown Law Office, Criminal, Ministry of the Attorney General for the Province of Ontario, Toronto, Ontario, Canada.

3.    The Crown Law Office, Criminal, is a branch of the Criminal Division of the Ministry of the Attorney General. At present it is comprised of approximately 75 lawyers, all of whom specialize in Criminal Law. The primary responsibilities of the Crown Law Office, Criminal, include representing the Crown in all Criminal Appeals for the Province of Ontario to the Supreme Court of Canada, and to the Court of Appeal for the Province of Ontario. In addition, members of the Crown Law Office, Criminal, conduct, as agents for the Attorney General of Ontario, "special prosecutions" relating mainly to complex white collar crimes, and offences against the administration of justice.

4.    In addition to the foregoing, the Crown Law Office, Criminal, has also been directed to exercise responsibility on behalf of the Attorney General of Ontario for applications by the Attorney General of Ontario for the extradition to Canada from foreign jurisdictions of persons charged in Ontario with offences contrary to the *Criminal Code of Canada*, Revised Statutes of Canada, 1985, Chapter C-46, as amended (hereinafter the *Criminal Code of Canada*). The Crown Law Office, Criminal is also responsible for the administration of requests for assistance

by Canada on behalf of Ontario, and made to Canada for execution in Ontario, under the various Mutual Legal Assistance Treaties entered into between Canada and foreign states.

5.     From July of 2005 to the present time, as Crown Counsel employed at the Crown Law Office, Criminal, I have represented the Crown in all levels of Court in Ontario. I have also had carriage of Extradition and Mutual Legal Assistance matters involving Canada and various foreign states. Based on my training and experience, I am familiar with the criminal laws and procedure of Canada.

6.     I am the lawyer responsible for the compilation of the package of materials required in support of the Attorney General of Ontario's request for extradition from the United States of America of the above-named accused person. As such, I am familiar with the investigation of the above-named accused person through contact with the trial Crown assigned to this matter.

**B.     OVERVIEW OF CANADIAN CRIMINAL LAW**

7.     In Canada, in order to find an accused guilty of a criminal offence, the trier of fact, be it judge or jury, must be satisfied that the guilt of the accused has been established beyond a reasonable doubt.

8.     The *Criminal Code of Canada* is a statute enacted by the Parliament of Canada containing the law relating to criminal offences for the whole of Canada and every province and territory thereof, including the province of Ontario. It is at the present time in force in Canada

3

and in the province of Ontario, and it was in force when the offence in the present case was allegedly committed.

9.      Under the *Criminal Code of Canada*, criminal offences are divided into three categories: indictable offences, summary conviction offences, and offences that are, at the election of the prosecution, either indictable or summary conviction (hereinafter "hybrid offences"). Canadian law has abolished the common law division of offences into felonies and misdemeanors. However, indictable offences are roughly equivalent to felonies and summary conviction offences are roughly equivalent to misdemeanors. Generally speaking, indictable offences are more serious offences carrying more severe penalties, and summary conviction offences are less serious offences carrying less severe penalties. In the case of a hybrid offence, until and unless the Crown elects to proceed by way of summary conviction, the offence is deemed to be indictable.

10.     In Canada, there is no limitation period of general application in respect of indictable offences. Consequently, apart from certain statutory time limitations relating to specific indictable offences, none of which are applicable in this case, the common law rule, *nullem tempus occurrit regi*, still applies to indictable offences in Canada. Therefore, in Canadian law, the general rule relating to the prosecution of indictable offences is that the initiation of a prosecution is not barred by the passage of any period of time. This rule applies to the present case. As indicated below, the offences with which the accused is charged are Abduction of a Person Under 14, Unlawful Confinement, and Invitation to Sexual Touching. Abduction of a Person Under 14 is an indictable offence pursuant to s. 281 of the *Criminal Code of Canada*.

4

Both Unlawful Confinement, and Invitation to Sexual Touching are hybrid offences pursuant to s. 279(2) and s. 152 of the *Criminal Code of Canada*, respectively. The Crown has not yet elected how to proceed against the accused in respect of the charges of Unlawful Confinement and Invitation to Sexual Touching, and consequently, these charges are deemed to be indictable. With respect to the indictable offence of Abduction of a Person Under 14, there is no statutory limitation period which would apply on the facts of this case. Neither is there any statutory limitation period which would apply to the offences of Unlawful Confinement and Invitation to Sexual Touching where the Crown proceeds by indictment.

11.     As a matter of Canadian Constitutional Law, offences under the *Criminal Code of Canada* are prosecuted by provincial law officers of the Crown. In Ontario, the Ministry of the Attorney General of Ontario is responsible for all such prosecutions. The Attorney General of Ontario thereby has, under s. 77 of the *Extradition Act*, Statutes of Canada, 1999, Chapter 18, as amended, the authority to make an extradition request in the present case.

## C.     THE ALLEGED OFFENCE

12.     Steven Lee Batchelder (hereinafter "the accused") is charged on an Information with Abduction of a Person Under 14, Unlawful Confinement, and Invitation to Sexual Touching in respect of the victim, 12 year-old Naomie Kumbu, in contravention of sections 281, 279(2) and 152 of the *Criminal Code of Canada*, respectively. The Information setting out these charges was sworn by Detective Sergeant Wayne Genders of the Niagara Regional Police Service on June 22, 2006, before Justice of the Peace Cowan in the city of St. Catharines, in the province of Ontario, Canada. A certified copy of this Information accompanies this extradition request.

5

13.    A warrant for the arrest of the accused in relation to the offences set out in the

Information sworn on June 22, 2006, was issued by Justice of the Peace Cowan on June 22,

2006. That warrant is still outstanding in Canada. A certified copy of the warrant accompanies

this extradition request.

14.    The *Criminal Code of Canada* contains the following provisions which are relevant to

this extradition request.

15.    Section 281 of the *Criminal Code of Canada* defines the offence of Abduction of a

Person Under 14 as follows:

> **281.**  Every one who, not being the parent, guardian or person having the lawful care or
> charge of a person under the age of fourteen years, unlawfully takes, entices away,
> conceals, detains, receives or harbours that person with intent to deprive a parent or
> guardian, or any other person who has the lawful care or charge of that person, of the
> possession of that person is guilty of an indictable offence and liable to imprisonment for
> a term not exceeding ten years.

16.    Section 279(2) of the *Criminal Code of Canada* defines the offence of Unlawful

Confinement as follows:

> **279(2).**  Every one who, without lawful authority, confines, imprisons or forcibly seizes
> another person is guilty of:
>
> > **(a)**  an indictable offence and liable to imprisonment for a term not exceeding ten
> > years; or
> > **(b)**  an offence punishable on summary conviction and liable to imprisonment for
> > a term not exceeding eighteen months.

6

17.     Section 279(3) of the *Criminal Code of Canada* also contains the following defence

provision, which governs offences under s. 279, including Unlawful Confinement:

> **279(3).** In proceedings under this section, the fact that the person in relation to whom
> the offence is alleged to have been committed did not resist is not a defence unless the
> accused proves that the failure to resist was not caused by threats, duress, force or
> exhibition of force.

18.     Section 152 of the *Criminal Code of Canada* defines the offence of Invitation to Sexual

Touching as follows:

> **152.** Every person who, for a sexual purpose, invites, counsels or incites a person under
> the age of fourteen years to touch, directly or indirectly, with a part of the body or with an
> object, the body of any person, including the body of the person who so invites, counsels
> or incites and the body of the person under the age of fourteen years,
>
>> **(a)** is guilty of an indictable offence and liable to imprisonment for a term not
>> exceeding ten years and to a minimum punishment of imprisonment for a term of
>> forty-five days; or
>> **(b)** is guilty of an offence punishable on summary conviction and liable to
>> imprisonment for a term not exceeding eighteen months and to a minimum
>> punishment of imprisonment for a term of fourteen days.

19.     Section 150.1 of the *Criminal Code of Canada* contains certain defence provisions that

apply to several offences, including the offence of Invitation to Sexual Touching. These

provisions are as follows:

> **150.1 (1).** Where an accused is charged with an offence under section 151 or 152 or
> subsection 153(1), 160(3) or 173(2) or is charged with an offence under section 271, 272
> or 273 in respect of a complainant under the age of fourteen years, it is not a defence that
> the complainant consented to the activity that forms the subject-matter of the charge.
>
> **(2)** Notwithstanding subsection (1), where an accused is charged with an offence under
> section 151 or 152, subsection 173(2) or section 271 in respect of a complainant who is
> twelve years of age or more but under the age of fourteen years, it is not a defence that
> the complainant consented to the activity that forms the subject-matter of the charge
> unless the accused

7

(a) is twelve years of age or more but under the age of sixteen years;

(b) is less than two years older than the complainant; and

(c) is not in a position of trust or authority towards the complainant, is not a person with whom the complainant is in a relationship of dependency and is not in a relationship with the complainant that is exploitative of the complainant.

...

(4) It is not a defence to a charge under section 151 or 152, subsection 160(3) or 173(2), or section 271, 272 or 273 that the accused believed that the complainant was fourteen years of age or more at the time the offence is alleged to have been committed unless the accused took all reasonable steps to ascertain the age of the complainant.

20.    Sections 281, 279(2), 279(3), 152, and 150.1 of the *Criminal Code of Canada* were in full force and effect prior to the date that the accused allegedly committed the offences of Abduction of a Person Under 14, Unlawful Confinement, and Invitation to Sexual Touching, and they have remained in force continuously thereafter.

## D.    OPINION

21.    I have read and reviewed the Information charging the accused with Abduction of a Person Under 14, Unlawful Confinement, and Invitation to Sexual Touching. I have also read the affidavit of Detective Christopher Lemaich of the Niagara Regional Police Service, and the exhibits attached thereto. In my opinion, this evidence establishes a *prima facie* case upon which a reasonable jury, properly instructed, could be satisfied beyond a reasonable doubt that the accused committed the offences of Abduction of a Person Under 14, Unlawful Confinement, and Invitation to Sexual Touching. These offences are extraditable offences. They are neither political offences nor offences of a political character. The accused was not charged with these

8

offences for the purpose of prosecuting him on account of his race, religion, nationality or
political opinion. The accused will not be prejudiced in the prosecution of these offences by
reason of his race, religion, nationality or political opinion.

22.     This affidavit is made in good faith in support of a request by Canada for the extradition
of Steven Lee Batchelder and for no other or improper purpose.

SWORN BEFORE ME at the            )
City of Toronto in the Province   )
of Ontario, this $3\sqrt{s^+}$ day of  )
October, 2006.                    )
                                  )
                                  )        Greg Skerkowski
                                  )
Commissioner of Oaths, etc.       )

Please print name:

**MATTHEW JOHN RICHARD ASMA, a Commissioner,
etc., Province of Ontario, while a Student-at-Law.
Expires August 31, 2009.**

9

| | | |
|---|---|---|
| **CANADA** | ) | **HER MAJESTY** |
| | ) | **THE QUEEN** |
| | ) | |
| **PROVINCE OF ONTARIO** | ) | **v.** |
| | ) | |
| | ) | **STEVEN LEE** |
| | ) | **BATCHELDER** |

IN THE MATTER of a request by Canada for the extradition of STEVEN BATCHELDER from the United States of America on charges of Abduction of a Child Under 14 years, Forcible Confinement and Invitation to Sexual Touching, contrary to the *Criminal Code of Canada.*

---

## REQUEST FOR EXTRADITION FROM THE UNITED STATES OF AMERICA TO CANADA

---

**MINISTRY OF THE ATTORNEY GENERAL
CROWN LAW OFFICE - CRIMINAL
720 BAY STREET, 10TH FLOOR
TORONTO, ONTARIO
M5G 2K1**

**Greg Skerkowski
Crown Counsel
Tel: (416) 326-4609
Fax: (416) 326-4656**

**Email: Greg.Skerkowski@jus.gov.on.ca**