IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | |
|---|---|
| IN THE MATTER OF THE REQUESTED EXTRADITION OF STEVEN LEE BATCHELDER. | Case No. 4:06mj136-WCS |

## MR. BATCHELDER'S MEMORANDUM REGARDING THE LAW OF EXTRADITION

STEVEN LEE BATCHELDER, by and through undersigned counsel, provides the Court with the following memorandum regarding the law of extradition. Mr. Batchelder has focused this memorandum on those issues for which Mr. Batchelder disagrees with the Government's memorandum. (Doc. 23).

The Government states that "the fugitive has no right to discovery . . . ." (Doc 33 - Pg 7). However, Mr. Batchelder notes that an extradition magistrate has inherent authority to order discovery "as the law and justice require." *Quinn v. Robinson*, 783 F.2d 776, 817 n.41 (9th Cir. 1986) (citing *Jhirad v. Ferrandina*, 536 F.2d 478, 484 (2d Cir. 1976)). *See also In the*

*Matter of the Requested Extradition of McMullen*, No. 86 CR. MISC. 1, 1988 WL 70296 at *5 (S.D.N.Y. June 24, 1988); *In the Matter of the Requested Extradition of Smyth*, 826 F. Supp. 316, 320 (N.D. Cal. 1993), *rev'd on other grounds*, 61 F.3d 711 (9th Cir. 1995).

Mr. Batchelder notes that the rule announced in *Brady v. Maryland*, 373 U.S. 83(1963), applies in extradition cases for all materials in the possession, custody, or control of the United States Government. *See Demjanjuk v. Petrovsky*, 10 F.3d 338, 353 (6th Cir. 1993). *Cf. In re Drayer*, 190 F.3d 410 (6th Cir. 1999) (holding that *Brady* does not apply to materials in the possession, custody, or control of the requesting country).

The Government claims that "[e]xtradition treaties do not contemplate the introduction of testimony of live witnesses at extradition hearings . . . ." (Doc 33 - Pg 8). The United States Code, however, not only contemplates – but specifically authorizes – an "indigent fugitive" to subpoena witnesses for an extradition hearing. *See* 18 U.S.C. § 3191. By reasonable implication, a "fugitive" may subpoena documents as well as witnesses.

Each charge in an extradition request must be individually established by the Government to the satisfaction of the extradition magistrate. *See In re*

*Lang*, 905 F. Supp. 1385, 1392 n.11 (C.D. Cal. 1995). The doctrine of "speciality" limits the requesting country's right to prosecute the accused only to charges for which the accused has been extradited. *See United States v. Andonian*, 29 F.3d 1432, 1434-35 (9th Cir. 1994).

The Government states that "[d]ual criminality is not required *per se* for extradition; it need be found only if the treaty so requires." (Doc 33 - Pg 4). Mr. Batchelder notes that dual criminality is a specific requirement of the Extradition Treaty in force between the United States and Canada. *See* Extradition Treaty, U.S.-Canada, Art. 2, § (1), Dec. 3, 1971,[1] 27 U.S.T. 983. Therefore the Government will be required to establish dual criminality in the instant case. Hence, the alleged *conduct* must be a crime in both Canada and the United States (the labels applied to the conduct are not determinative). Therefore, a mirror image analysis must be performed in order to determine whether the conduct would have been a crime if committed in the United States. *See Hu Yau-Leung v. Soscia*, 649 F.2d 914, 918 (2d Cir. 1981); *United States v. Poon Sai-Wah*, 270 F. Supp. 2d 748, 750-51 (W.D.N.C. 2003); *Republic of France v. Moghadam*, 617 F. Supp. 777, 784-86 (N.D. Cal. 1985).

---

[1] The treaty was originally signed on December 3, 1971, but it has been amended since that date.

Most importantly, the Government asserts that "[t]he standard of proof in extradition proceedings is that of probable cause defined by federal law." (Doc 33 - Pg 5). Mr. Batchelder disagrees. In order to extradite an individual, the Government, on behalf of the requesting country, must establish that there is probable cause to believe that the individual is guilty of the charges pending against him in the requesting country. *See Moghadam*, 617 F. Supp. at 780-81. Under most treaties, the extradition magistrate will apply the federal probable cause standard: whether the evidence is "sufficient to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief of the accused's guilt." *See, e.g., In the Matter of the Extradition of Atta*, 706 F. Supp. 1032, 1050 (E.D.N.Y. 1989) (quoting *Coleman v. Burnett*, 477 F.2d 1187, 1202 (D.C. Cir. 1973)). However, the Extradition Treaty in force between the United States and Canada requires the probable cause determination to be made "according to the laws of the place where the person sought shall be found . . . ." Extradition Treaty, U.S.-Canada, Art. 10, § (1), Dec. 3, 1971, 27 U.S.T. 983. In *In the Matter of the Extradition of Schweidenback*, 3 F. Supp. 2d 113, 115 (D. Mass. 1998), the court held that this language (i.e., the language in the Extradition Treaty in force between the

United States and Canada) means that the probable cause standard is that of the *state* in which the accused has been apprehended: "I find it is the state standard of probable cause that is the appropriate one to be applied." Hence, contrary to the Government's assertion, Florida's standard of probable cause applies to the instant case. *See also In the Matter of the Extradition of Williams*, 496 F. Supp. 16, 17 (S.D.N.Y. 1979) ("The phrase, 'according to the laws of the place where the person sought shall be found,' refers to state law, in this case the laws of the State of New York.").

Florida Rule of Criminal Procedure 3.133 outlines the procedures for pretrial probable cause determinations. Rule 3.133(a)(3) outlines the standard of proof for a nonadversary probable cause determination:

> Upon presentation of proof, the judge shall determine whether there is probable cause for detaining the arrested person pending further proceedings. The defendant need not be present. In determining probable cause to detain the defendant, the judge shall apply the standard for issuance of an arrest warrant, and the finding may be based on sworn complaint, affidavit, deposition under oath, or, if necessary, on testimony under oath properly recorded.

In contrast, rule 3.133(b) outlines the standard of proof for an adversary probable cause determination. Unlike rule 3.133(a), rule 3.133(b) does not permit the state to rely wholly on a complaint (even if sworn), on another

affidavit, or on any other evidence inadmissible at trial. Rule 3.133(b)(3) provides instead that all witnesses shall be examined in the presence of the defendant and may be cross-examined. Rule 3.133(b)(5) provides that the judge shall cause the defendant to be held to answer to the circuit court, only if it appears to the judge "from the evidence" that there is probable cause to believe that the defendant has committed the offense. In *Evans v. Seagraves*, 922 So. 2d 318, 319 (Fla. 1st DCA 2006), the Florida First District Court of Appeal held that "hearsay testimony (not falling within some exception to the rule excluding hearsay) does not, by itself, meet the state's burden at an adversary preliminary hearing under [rule] 3.133(b)."

Mr. Batchelder submits that the extradition hearing in the instant case is akin to the adversary probable cause determination outlined in rule 3.133(b).[2] Therefore, pursuant to state law, the Government cannot meet its "probable cause" burden in the instant case based on hearsay evidence alone. *Cf. Schweidenback*, 3 F. Supp. 2d at 117 ("[T]he laws of Rhode Island are more favorably disposed to the government by allowing the use of hearsay and

---

[2] Notably, rule 3.133(a) would allow the nonadversarial preliminary hearing to be held in the defendant's absence, and clearly Mr. Batchelder has a right to be present at the extradition hearing in the instant case.

inadmissible evidence while the laws of the Commonwealth [of Massachusetts] require the government to present a more formal showing.").

The Government asserts that "[a] requesting country is not obligated to produce evidence on all elements of a criminal offense . . . ." (Doc 33 - Pg 4). Contrary to the Government's assertion, the requesting country must introduce evidence on each essential element of each charge. *See In the Petition of France for the Extradition of Sauvage*, 819 F. Supp. 896, 901 (S.D. Cal. 1993).

The Government states that "[a] fugitive's right to controvert the evidence introduced against him is limited to testimony which explains rather than contradicts the demanding country's proof" – the so-called "Rule of Non-Contradiction." (Doc 33 - Pg 9). Despite this rule, most courts still diligently evaluate the credibility of the requesting country's evidence. *See Quinn*, 783 F.2d at 815; *In the Matter of the Extradition of Strunk*, 293 F. Supp. 2d 1117 (E.D. Cal. 2003); *Gill v. Imundi*, 747 F. Supp. 1028, 1041 (S.D.N.Y. 1990). One court has stated:

> In admitting "explanatory evidence," the intention is to afford an accused person the opportunity to present reasonably clear-cut proof which would be of limited scope and have some reasonable chance of negating a showing of probable cause.

*In the Matter of the Requested Extradition of Sindona*, 450 F. Supp. 672, 685

(S.D.N.Y. 1978). Similarly, another court has held:

> Due process guarantees that there is a fair decision-making process before official action is taken which directly impairs a person's life, liberty or property . . . . Due process mandates that a judicial proceeding give all parties an opportunity to be heard on the critical and decisive allegations which go to the core of the parties' claim or defense and to present evidence on the contested facts.

*In the Matter of the Extradition of Singh*, 123 F.R.D. 108, 125 (D.N.J. 1987).

A fugitive is permitted to testify at an extradition hearing and a review of other cases reveals that such testimony is not limited by the Rule of Non-Contradiction. *See United States v. Wiebe*, 733 F.2d 549, 552 (8th Cir. 1984) (wherein defendant testified and disputed the allegations); *In re the Extradition of: Alatorre Pilego*, 320 F. Supp. 2d 947, 950 (D. Ariz. 2004) (same). The fugitive also enjoys a Fifth Amendment right not to testify. *See United States v. Lui Kin-Hong*, 110 F.3d 103, 118 n.20 (1st Cir. 1997).

The Government contends that a fugitive "may not introduce evidence which: conflicts with the evidence submitted on behalf of the demanding state; establishes an alibi; . . . or impeaches the credibility of the demanding country's witnesses." (Doc 33 - Pg 11). Contrary to the Government's assertion, extradition magistrates have permitted fugitives to present evidence

that the accusing witness has recanted the accusation. *See, e.g., In the Matter of the Extradition of Contreras*, 800 F. Supp. 1462, 1465 (S.D. Tex. 1992). Extradition magistrates have also permitted fugitives to present evidence of an alibi. *See Pilego*, 320 F. Supp. 2d at 950; *In the Matter of the Extradition of Cervantes Valles*, 268 F. Supp. 2d 758, 772 (S.D. Tex. 2003).

Respectfully submitted,

/S/ R. TIMOTHY JANSEN
R. TIMOTHY JANSEN
R. TIMOTHY JANSEN, P.A.
1206 North Duval Street
Tallahassee, Florida 32303
(850) 224-1440/fax (850) 224-0381
FL Bar No. 0691208

/S/ MICHAEL UFFERMAN
MICHAEL UFFERMAN
Michael Ufferman Law Firm, P.A.
2022-1 Raymond Diehl Road
Tallahassee, Florida 32308
(850) 386-2345/fax (850) 224-2340
FL Bar No. 114227

Counsel for Mr. **BATCHELDER**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY a true and correct copy of the foregoing instrument has been furnished to:

    Assistant United States Attorney Robert O. Davis
    111 North Adams Street, Suite 400
    Tallahassee, Florida 32301

by U.S. mail and electronic delivery this 26th day of March, 2007.

    /S/ R. TIMOTHY JANSEN
    R. TIMOTHY JANSEN
    R. TIMOTHY JANSEN, P.A.
    1206 North Duval Street
    Tallahassee, Florida 32303
    (850) 224-1440/fax (850) 224-0381
    FL Bar No. 0691208

    /S/ MICHAEL UFFERMAN
    MICHAEL UFFERMAN
    Michael Ufferman Law Firm, P.A.
    2022-1 Raymond Diehl Road
    Tallahassee, Florida 32308
    (850) 386-2345/fax (850) 224-2340
    FL Bar No. 114227

    Counsel for Mr. **BATCHELDER**

xc:    Steven Lee Batchelder