IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

In re the Extradition of
**STEVEN LEE BATCHELDER,**　　　　　　　　　　**CASE NO. 4:06mj136-WCS**

　　**Defendant.**

_____/

## ORDER GOVERNING THE EXTRADITION HEARING

The parties have filed memoranda concerning the standard of proof and procedures for the extradition hearing set tomorrow. Docs. 23 and 29. Through oversight on my part, I failed to take up this matter until today. I had planned to enter an order for the guidance of the parties several weeks ago.

The disputed issues concern the elements necessary for an order of extradition, the burden of proof and kinds of evidence needed to sustain that burden of proof, procedures for the hearing, and to what extent Defendant is entitled to discovery.

Section 3184 of Title 18, United States Code provides in part that a warrant may be issued to bring Defendant before a magistrate judge so that "the evidence of criminality may be heard and considered." The statute further provides that:

> If, on such hearing, he [the magistrate judge] deems *the evidence sufficient to sustain the charge under the provisions of the proper treaty or convention*, or under section 3181(b), he shall certify the same, *together*

> *with a copy of all the testimony taken before him*, to the Secretary of State, that a warrant may issue upon the requisition of the proper authorities of such foreign government, for the surrender of such person, according to the stipulations of the treaty or convention; and he shall issue his warrant for the commitment of the person so charged to the proper jail, there to remain until such surrender shall be made.

18 U.S.C. § 3184 (emphasis added).

> Section 3190 provides:
>
> Depositions, warrants, or other papers or copies thereof offered in evidence upon the hearing of any extradition case shall be received and admitted as evidence on such hearing for all the purposes of such hearing if they shall be properly and legally authenticated so as to entitle them to be received for similar purposes by the tribunals of the foreign country from which the accused party shall have escaped, and the certificate of the principal diplomatic or consular officer of the United States resident in such foreign country shall be proof that the same, so offered, are authenticated in the manner required.

18 U.S.C. § 3190. Subpoenas for witnesses may be issued for an "indigent fugitive" for the hearing. 18 U.S.C. § 3191.

The offense or offenses charged must be included in the particular treaty as "extraditable" offenses. United States v. Fernandez-Morris, 99 F.Supp.2d 1358, 1360 (S.D. Fla. 1999). The standard of proof is probable cause:

> "The extradition hearing is not a trial on the merits to determine guilt or innocence, but serves as a means of ensuring that probable cause exists to believe the person whose surrender is sought has committed the crime for which his extradition is requested." *Castro Bobadilla v. Reno*, 826 F.Supp. 1428 (S.D. Fla.1993), *aff'd*, 28 F.3d 116 (11th Cir.1994).

99 F.Supp.2d at 1361.

Our circuit long ago established the rules of evidence and burden of proof for an extradition hearing:

> The evidence was competent under 18 U.S.C. § 3190, which makes admissible, and therefore competent, documents submitted by the

> demanding government that satisfy certain specifications.  Section 3190 provides that documents authenticated by the demanding government's authorities, so as to be admissible for similar purposes in tribunals of the demanding government, 'shall be received and admitted as evidence' at an extradition hearing in this country 'for all the purposes of such hearing'; and the certification of the principal United States diplomatic officer in the demanding nation 'shall be proof' that the documents are so authenticated.
>
> It has been held by the Supreme Court and the lower federal courts that 'competent evidence to establish reasonable ground is not necessarily evidence sufficient to convict, nor only such as can pass technical rules governing the admissibility of evidence in criminal trials.'  *U.S. ex rel. Klein v. Mulligan*, 50 F.2d 687, 688 (2 Cir. 1931), *cert. den.*, 284 U.S. 665, 52 S.Ct. 41, 76 L.Ed. 563 (1931), and the cases cited therein.
>
> With respect to the evidence upon which the extradition magistrate acted, it must be remembered that the extradition magistrate merely determines probable cause, making an inquiry like that of a committing magistrate and no more.  *Benson v. McMahon,* 127 U.S. 457, 463, 8 S.Ct. 1240, 32 L.Ed. 234 (1888).  Probable cause was given its classic definition, on April 1, 1807, by Chief Justice John Marshall, sitting as committing magistrate in the treason prosecution of Aaron Burr.  He held that he should not require evidence to convince himself that the defendant was guilty, but only that 'furnishing good reason to believe that the crime alleged had been committed by the person charged with having committed it.'

Jimenez v. Aristeguieta, 311 F.2d 547, 562 (5th Cir. 1962)*, cert. denied,* 373 U.S. 914

(1963), *citing* United States v. Burr, 25 Fed.Cas. p. 2, 12, No. 1469a (C.C.D. Va. 1807).

Beveridge, THE LIFE OF JOHN MARSHALL, Vol. III, p. 376.

> Further,
>
> The accused is not entitled to introduce evidence which merely goes to his defense but he may offer limited evidence to explain elements in the case against him, since the extradition proceeding is not a trial of the guilt or innocence but of the character of a preliminary examination held before a committing magistrate to determine whether the accused shall be held for trial in another tribunal.

*Id.*, 311 F.2d at 556.  Thus, a Defendant may not present evidence that contradicts the

evidence presented by the Government, but may present only explanatory evidence.

Case No. 4:07mj136-WCS

Matter of Demjanjuk, 603 F.Supp. 1463, 1464-1465 (N.D. Ohio 1984); Fernandez-Morris, 99 F.Supp.2d at 1366 and cases cited. Explanatory evidence is evidence rebutting probable cause, not evidence in defense. Demjanjuk, 603 F.Supp. at 1464. I have discretion with respect to what may be considered "explanatory." *Id*. However, "[t]he magistrate does not weigh conflicting evidence and make factual determinations but, rather, determines only whether there is competent evidence to support the belief that the accused has committed the charged offense." Quinn v. Robinson, 783 F.2d 776, 815 (9th Cir. 1986), *cert. denied*, 479 U.S. 882 (1986); Austin v. Healey, 5 F.3d 598, 605 (2nd Cir. 1993), *cert. denied*, 510 U.S. 1165 (1994) (quoting Quinn).

Whether there is to be discovery is also committed to my discretion. 18 U.S.C. § 3191, however, relates to subpoenas for witnesses, and not depositions. Jimenez v. Aristeguieta, 311 F.2d at 556. Also:

> In exercising discretion, the magistrate should consider both "the well-established rule that extradition proceedings are not to be converted into a dress rehearsal trial," *id.*, and whether the resolution of the contested issue would be appreciably advanced by the requested discovery, *id*. Although the accused is not entitled to introduce evidence that goes to his defense, "he may offer limited evidence to explain elements in the case against him".

Quinn v. Robinson, 783 F.2d at 815, *citing*, *Jimenez v. Aristeguieta*, *supra*, 311 F.2d at 556.

The standard for probable cause, however, may vary according to the particular treaty at issue. The Treaty with Italy, for example, provided at least in 1980 that the court apply "the laws of the requested Party, . . . to justify (the requested person's) committal for trial if the offense of which he is accused had been committed in its

territory . . . ." Sidona v. Grant, 619 F.2d 167, 175 (2d Cir. 1980) (applying federal probable cause).

The Treaty with Canada at issue here causes a different result. Article 10(1) of the Extradition Treaty Between the United States of America and Canada of 1971, however, provides:

> (1) Extradition shall be granted only if the evidence be found sufficient, according to the laws of the place where the person sought shall be found, either to justify his committal for trial if the offense of which he is accused had been committed in its territory or to prove that he is the identical person convicted by the courts of the requesting state.

Doc. 15-2, p. 27. Consequently, the law of Florida "to justify [Defendant's] committal for trial" applies under the Treaty with Canada rather than the federal standard for probable cause. Matter of Extradition of Schweidenback, 3 F.Supp.2d 113, 116 (D. Mass. 1998); Romeo v. Roache, 820 F.2d 540, 545 (1st Cir. 1987); Shapiro v. Ferrandina, 478 F.2d 894, 901 (2d Cir.), *cert. dismissed*, 414 U.S. 884 (1973).

I can find no Florida cases in WestLaw that have used the phrase "committal for trial." I have found only one Florida case that used the phrase "committed for trial," but the case predates these rules and provides no illumination upon the concept of commitment for trial.[1]

The offense pending in Canada is of a type that would be a felony in Florida and the Florida analog must, under Florida law, be prosecuted at a trial by either indictment

---

[1] The case, Yaeger v. State, 78 Fla. 354, 83 So. 525 (1919), involved a person in custody on an arrest warrant. He went to trial before the justice of the peace and was then "committed for trial to the criminal court of record for Duval County . . . ." 78 Fla. at 356, 83 So. at 525. There was no mention of any other charging document.

or information. FLA. R. CRIM. P. 3.140(a)(2). Accordingly, under Florida law, Defendant would not be tried or committed for a trial absent an indictment or information.

Florida has two kinds of preliminary probable cause hearings justifying detention of a person accused of a criminal offense. The first, a nonadversarial hearing, is required to detain a Defendant "pending further proceedings." FLA. R. CRIM. P. 3.133(a)(3). "If probable cause is found, the defendant shall be held to answer the charges." FLA. R. CRIM. P. 3.133(a)(4).

The second, an adversarial probable cause hearing, is required if the Defendant is "not charged in an information or indictment within 21 days from the date of arrest or service of the capias on him . . ." FLA. R. CRIM. P. 3.133(b)(1). In other words, if there is an indictment or information within 21 days of the arrest, there is no right to an adversarial probable cause hearing.

An adversarial hearing involves witnesses. FLA. R. CRIM. P. 3.133(b)(3). A finding of probable cause at an adversarial hearing results in an order that "cause[s] the defendant to be held to answer to the circuit court." FLA. R. CRIM. P. 3.133(b)(5).

Thus, the first detains the Defendant for "further proceedings." The second holds the Defendant to "answer to the circuit court." After either type of hearing, a Defendant is still not "committed for trial" until there is an indictment or information.

A nonadversarial probable cause hearing is applicable here. In this case, there never will be an indictment or information under Florida law, and no reason to conduct an adversarial probable cause hearing as a substitute for an indictment or an information. The issue is simply whether Defendant should be held "pending further proceedings." Those proceedings are proceedings in Canada.

The Florida standard for probable cause is the same as the federal standard for probable cause.  State v. Griffin, 949 So.2d 309, 312-313 (Fla. 1st DCA 2007), *citing*, Maryland v. Pringle, 540 U.S. 366, 124 S.Ct. 795, 157 L.Ed.2d 769 (2003) (quoting Brinegar v. United States, 338 U.S. 160, 176, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949)).  The kind of evidence to show probable cause in a nonadversarial proceeding in Florida is also the same as the federal standard:

> Upon presentation of proof, the judge shall determine whether there is probable cause for detaining the arrested person pending further proceedings.  The defendant need not be present.  *In determining probable cause to detain the defendant, the judge shall apply the standard for issuance of an arrest warrant, and the finding may be based on sworn complaint, affidavit, deposition under oath, or, if necessary, on testimony under oath properly recorded.*

 FLA. R. CRIM. P. 3.133(a)(3) (emphasis added).  *See* 18 U.S.C. § 3190, *supra*.

I have discretion, therefore, under Florida law to hear testimony from witnesses, "if necessary."  Under Florida law the Defendant need not be present at all (though he will be for the hearing tomorrow), and under Florida law the hearing is to be nonadversarial.  Therefore, the "necessity" of a witness under Florida law must be determined only from the perspective of the United States, and is not a matter of Defendant's necessity.

18 U.S.C. § 3191, however, provides an additional right to Defendant, a right to call witnesses.  Since this is a federal statute, federal cases determine its meaning.  Those cases, particularly Jimenez v. Aristeguieta, are discussed above.  Defendant may present explanatory evidence bearing upon the issue of probable cause, but not evidence in defense.

As to other issues, Defendant may argue other Treaty provisions, such as dual criminality, and may contest the adequacy of the formal documents seeking extradition under the Treaty. I will hear argument from the Government at the hearing as to Defendant's argument that Article 2, § 1, of the Treaty requires proof of dual criminality. Likewise, Defendant may also present argument as to the necessity of producing evidence for probable cause as to all elements of the criminal offense, and I will hear the Government's response.

Accordingly, it is **ORDERED** that this order will govern further proceedings in this case.

**DONE AND ORDERED** on April 17, 2007.

        s/ William C. Sherrill, Jr.
        **WILLIAM C. SHERRILL, JR.**
        **UNITED STATES MAGISTRATE JUDGE**