**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

**IN THE MATTER OF**
**THE EXTRADITION OF**           Case No.:  4:06mj136-WCS
**STEVEN LEE BATCHELDER**
_____/

**GOVERNMENT'S SUPPLEMENTAL MEMORANDUM**
**CONCERNING EXTRADITION**

On April 17, 2007, this Court entered an order governing the extradition hearing in this matter.  Doc. 30.  On that same day, the Court continued the hearing, and directed the parties to file additional briefs according to a schedule, which the Court set out in an order (doc. 31), in the event that the matter was not settled.  As the Government of Canada has advised that it wishes to proceed with all three charges against Mr. Batchelder (doc. 33), the government files this additional brief.

THE CRIMES FOR WHICH CANADA SEEKS
EXTRADITION ARE COVERED BY THE TREATY

Article 2 of the Canada - U.S. Extradition Treaty provides for "dual criminality."

(1) Extradition shall be granted for conduct which constitutes an offense punishable by the laws of both Contracting Parties by imprisonment or other form of detention for a term exceeding one year or any greater punishment . . ."

*Treaty on Extradition Between the United States of American and Canada*, December 3, 1971, Art. 2,  TIAS 8237 (hereinafter "Canada-U.S. Treaty").  In determining whether a crime charged is punishable by both countries, this Court should examine the facts and decide whether the fugitive's conduct would have been criminal under our law.  The Supreme Court in *Collins v.*

*Loisel*, 259 U.S. 309 (1922) stated that:

> The law does not require that the name by which the crime is described in the two countries shall be the same; nor that the scope of liability shall be coextensive, or, in other respects, the same in the two countries. It is enough if the *particular act* charged is criminal in both jurisdictions.

259 U.S. at 312 (emphasis added). Concerning the issue of dual criminality, this Court should "approach challenges to extradition with a view towards finding the offense within the treaty." *McElvy v. Civiletti*, 523 F. Supp. 42, 48 (S.D. Fla. 1981).

In comparing the foreign offense with United States law to decide the question of dual criminality, the magistrate may consider federal law, the law of the state in which the hearing is held, and the law of a preponderance of the states. *Cucuzzella v. Keliikoa*, 638 F.2d 105, 107 (9th Cir. 1981). In *Cucuzzella*, the Ninth Circuit interpreted this language from Article 2 of the Canada - U.S. treaty, and concluded that, contrary to petitioner's argument that "laws" refers to state law, in that case the law of Hawaii, the "Contracting Parties" are the United States and Canada. 638 F.2d at 107. The Court concluded, therefore, that the "therefore look to proscription by similar criminal provisions of federal law, or if none, the law of the place where the fugitive is found, or, if none, the law of the preponderance of states." *Id.*

In reaching this conclusion, the Ninth Circuit noted that its conclusion was consistent with the case of *Pettit v. Walshe*, 194 U.S. 205 (1904), where the Supreme Court consulted state law because the treaty at issue demanded reference to the law of the place where the fugitive was found. The Ninth Circuit noted that the Supreme Court did so in *Pettit* because there were no common-law crimes of the United States. 628 F.2d at 107, n.3. The Ninth Circuit further

observed that "federal criminal law is no longer nonexistent and state law no longer non uniform."  *Id.*   Moreover, the Ninth Circuit concluded that its analysis was only to ensure as an initial matter that the offense charged was "criminal in both jurisdictions" citing *Collins v. Loisel*, *supra*.

Similarly, in the case at hand, the charges alleged by the Government of Canada are "criminal in both jurisdictions."  The three Canadian charges against Mr. Batchelder are (1) abduction of a person under 14, (2) unlawful confinement, and (3) invitation to sexual touching.  As discussed below, these charges are offenses that are criminal both in Canada and this jurisdiction.

> ABDUCTION OF A PERSON UNDER FOURTEEN

Filed together with the request for extradition, the Government of Canada provided the affidavit of Greg Skerkowski, Crown Counsel employed at the Crown Law Office, Criminal, Ministry of the Attorney General for the Province of Ontario.  In his affidavit, Crown Counsel states that Section 281 of the *Criminal Code of Canada* defines the offence of Abduction of a Person under 14 as follows:

> 281.  Every one who, not being the parent, guardian or person having the lawful care or charge of a person under the age of fourteen years, unlawfully takes, entices away, conceals, detains, receives or harbours that person with intent to deprive a parent or guardian, or any other person who has the lawful care of charge of that person, of the possession of that person is guilty of an indictable offence and liable to imprisonment for a term not exceeding ten years.

Skerkowski Affidavit at ¶ 15.  Crown Counsel states that this provision of law was in full force and effect prior to the date that Mr. Batchelder allegedly committed the offense.  *Id.* at  ¶ 20.  Finally, Crown Counsel states in his affidavit that he has reviewed the Information filed in this case, and the affidavit of Detective Lemaich, and that, in his opinion, the evidence presented

therein establishes a *prima facie* case upon which a reasonable jury could convict. *Id.* at ¶ 21.

Similarly, the offense described in the Canadian extradition request and attached documents would constitute crimes under the federal kidnapping statute, 18 U.S.C. § 1201. That statute makes it a crime to kidnap anyone, and has a special rule for offenses involving children. 18 U.S.C. § 1201(g). The elements required to prove an offense under this statute include:

> First: That the defendant knowingly and willfully kidnapped, seized, confined, inveigled, decoyed, abducted, or carried away, the person described in the indictment, as charged, and
>
> Second: That the defendant held such person for ransom or reward or other benefit which the Defendant intended to derive from the kidnapping.

Eleventh Circuit Pattern Jury Instruction 49. The third element of the federal offense, transportation in interstate commerce, is a jurisdictional requirement unique to federal crimes, and does not affect the determination of dual criminality. *See* Canada-U.S. Treaty, Art. 2 (2) ("An offense is extraditable notwithstanding (i) that conduct such as interstate transportation . . . required for purposes of establishing jurisdiction, forms part of the offense in the United States . . ."); *accord, DeSilva v. DiLeonardi*, 125 F.3d 1110 (7th Cir. 1997)(attempt to remove wife from care of family in Canada met requirements for federal kidnapping offense). This federal kidnapping statute was in effect at the time of the events alleged in the Canadian request. *See id.*

Based on this analysis, and supporting case law - - that the Canadian kidnapping offense is criminal under federal law - - there is no need to resort to state law. However, should this

Court consider state law, the offense described in the Canadian extradition request would also be criminal under the laws of the State of Florida. Florida Statute Annotated § 787.01 provides:

> (1)(a) The term "kidnapping" means forcibly, secretly, or by threat confining, abducting, or imprisoning another person against her or his will and without lawful authority, with intent to:
> 1. Hold for ransom or reward or as a shield or hostage,
> 2. Commit or facilitate the commission of any felony,
> 3. Inflict bodily harm upon or to terrorize the victim of another person . . .

F.S.A. §787.01. This statute was effective October 1, 2000, and thus was in effect at the time of the events alleged in the Canadian extradition request. *Id.*

UNLAWFUL CONFINEMENT

In his affidavit, Crown Counsel also states that Section 279(2) of the *Criminal Code of Canada* defines the offence of Unlawful Confinement as follows:

> 279(2). Every one who, without lawful authority, confines, imprisons or forcibly seizes another person is guilty of:
>
> (a) an indictable offence and liable to imprisonment for a term not exceeding ten years; or
> (b) an offence punishable on summary conviction and liable to imprisonment for a term not exceeding eighteen months.

Skerkowski Affidavit at ¶ 16. Crown Counsel states that this provision of law was in full force and effect prior to the date that Mr. Batchelder allegedly committed the offense. *Id*. at ¶ 20. Finally, Crown Counsel states in his affidavit that he has reviewed the Information filed in this case, and the affidavit of Detective Lemaich, and that, in his opinion, the evidence presented therein establishes a *prima facie* case upon which a reasonable jury could convict. *Id.* at ¶ 21.

As discussed above, the offense described in the Canadian extradition request and attached documents would constitute crimes under the federal and Florida kidnapping statutes, discussed above. As such, the second offense charged in the Canadian extradition request is a

crime in both jurisdictions.

        INVITATION TO SEXUAL TOUCHING

        In his affidavit, Crown Counsel states that section 152 of the *Criminal Code of Canada*, defines the offense of Invitation to Sexual Touching as:

> 152. Every person who, for a sexual purpose, invites, counsels or incites a person under the age of fourteen years to touch, directly or indirectly, with a part of the body or with any object, the body of any person, including the body of the person who so invites, counsels or incites and the body of the person under the age of fourteen years,
>
> > (a) is guilty of an indictable offence and liable to imprisonment for a term not exceeding ten years and to a minimum punishment of imprisonment for a term of forty-five days; or
> > (b) is guilty of an offence punishable on a summary conviction and liable to imprisonment for a term not exceeding eighteen months and to a minimum punishment of imprisonment for a term of fourteen days.

Skerkowski Affidavit at ¶ 18. Crown Counsel states that this provision of law was in full force and effect prior to the date that Mr. Batchelder allegedly committed the offense. *Id.* at ¶ 20. Finally, Crown Counsel states in his affidavit that he has reviewed the Information filed in this case, and the affidavit of Detective Lemaich, and that, in his opinion, the evidence presented therein establishes a *prima facie* case upon which a reasonable jury could convict. *Id*. at ¶ 21.

        The offense described in the Canadian extradition request and attached documents would constitute a crime under several federal statutes involving sexual abuse, 18 U.S.C. § 2241 (Aggravated Sexual Abuse), § 2242 (Sexual Abuse), § 2243(a) (Sexual Abuse of a Minor), § 2244(a) (Abusive Sexual Contact), § 2422 (Coercion and Enticement), and § 2423(a) (Transportation of Minors). These federal crimes cover a broad range of illicit sexual contact,

including contact with minors, as well as attempts. By way of example, the elements of a crime under § 2422 include:

> First: That the defendant knowingly [ . . . ] attempted to persuade, induce, entice, or coerce an individual under the age of 18 to engage in sexual activity, as charged,
>
> Second: That the defendant believed that such individual was less than eighteen (18) years of age;
>
> Third: That if the sexual activity had occurred, the defendant could have been charged with a criminal offense under the laws of [a state]
>
> Fourth: that the defendant acted knowingly and willfully.

Eleventh Circuit Pattern Jury Instruction 80. These elements, again modified to remove the interstate commerce requirement, describe substantially the offense alleged in the third Canadian charge, Invitation to Sexual Touching, and thus the offense is a crime in both jurisdictions.

Similarly, Florida law makes similar conduct a crime. *See* F.S.A. § 800.04 "Lewd or lascivious offense committed upon or in the presence of persons less than 16 years of age". In particular, subsection (6)(a)2. of that statute makes clear that any one who "solicits a person under 16 years of age to commit a lewd or lascivious act commits lewd or lascivious conduct." This statute further provides that an individual over 18 who commits lewd or lascivious conduct commits a felony of the second degree. F.S.A. § 800.04(6)(c). Finally, as to Florida offenses, Florida law makes clear that attempts to commit a prohibited offense is a "criminal attempt", which is punishable as a crime one level below the crimes ranking. Thus, an attempt to commit lewd and lascivious conduct would be a third degree felony. F.S.A. 777.04

THE CANADIAN EXTRADITION REQUEST
IS SUPPORTED BY COMPETENT EVIDENCE

Article 8 of the Canada-U.S. Treaty provides: "The determination that extradition should or should not be granted shall be made in accordance with the law of the Requested State . . . ." and Article 10 provides:

> Extradition shall be granted only if the evidence be found sufficient, according to the laws of the place where the person sought shall be found, either to justify his committal for trial or to prove that he is the identical person convicted by the Courts of the Requesting State.

In the prior hearing, this Court ruled that this "laws of the place" language in the treaty required that this Court apply the substantive and procedural law of the State of Florida to determine probable cause in this request. Relying on *Matter of Extradition of Schweidenback*, 3 F. Supp.2d 113 (D. Mass. 1998), *Romeo v. Roache*, 820 F.2d 540 (1st Cir. 1987), and *Shapiro v. Ferrandina*, 478 F.2d 894 (2d Cir.), *cert. dismissed*, 414 U.S. 884 (1973), this Court held that the law of Florida "to justify [Defendant's] committal for trial" applies under the treaty with Canada rather than the federal standard for probable cause. The government respectfully disagrees with this conclusion, and would state that the law of this circuit is contrary to this ruling, and that the *Schweidenback* case, relied upon by this Court, was wrongly decided.

The Court in *Schweidenback* relied on the Second Circuit's decision in *Shapiro v. Ferrandina*, 478 F.2d 894 (2d Cir. 1973) to reach its conclusion that the common treaty language - - "extradition shall be granted only if the evidence be found sufficient, according to the laws of the place where the person sought shall be found" - - meant the laws of the State of New York. But closer analysis of *Shapiro* makes clear that the Second Circuit was referring only to the substantive, and not the procedural law, of the state. Interpreting the Israeli-U.S. extradition

8

treaty, with similar language to the treaty in this matter, the Second Circuit stated in Shapiro that "[a]s both parties recognize, the 'laws of the place where the person sought shall be found' refers to the laws of the state where the arrest occurs rather than to the laws of the United States." *Shapiro,* 478 F.2d at 901.  In a footnote to this statement, the *Shapiro* Court stated that this result was explained by the Supreme Court in *Pettit v. Walshe*, 194 U.S. 205 (1904) :

> But as there are no common-law crimes of the United States, and as the crime of murder, as such, is not known to the national government, except in places over which it may exercise exclusive jurisdiction, the better construction of the treaty is that the required evidence as to criminality of the charge against the accused must be such as would authorize his apprehension and commitment for trial in the state of the Union in which he is arrested.

*Shapiro v. Ferrandina*, 478 F.2d at 901, n.4.  Thus, Court in *Shapiro* was explaining that the treaty meant to include the state's substantive criminal law . . . not the procedural law[1].  This is evident by the actions the *Shapiro* Court took after concluding that state law applied:  faced with an argument by Shapiro that New York's recently enacted criminal procedural law required the introduction of non-hearsay evidence to support extradition, the Court rejected that argument, stating that "it runs afoul of *Collins v. Loisel, supra*, . . . as well as . . . good sense."  *Id.* at 902 (citation omitted).  The *Shapiro* Court concluded that "[i]n extradition hearings . . . this is precisely the sort of issue to be determined by national law rather than by state law."  *Id.*

---

[1]As noted earlier, the Ninth Circuit has recognized that the premise underlying the *Pettit* decision is no longer valid.  *See Cucuzzella v. Keliikoa*, 638 F.2d 105, 107 (9th Cir. 1981)("federal criminal law is no longer nonexistent and state law no longer non uniform").

9

By contrast, the Eleventh Circuit and other circuits[2] have concluded that a federal standard, measuring probable cause according to the federal standard used in preliminary proceedings applies. *See United States v. Cardoso*, 2005 WL 1228826 (M.D. Fla. 2005)(not reported in F. Supp.2d)(interpreting Brazil-US extradition treaty with "laws of the place" language), *United States v. Lukes*, 2003 WL 23892681 (M.D. Fla. 2003)(not reported in F. Supp.2d)(interpreting Czech-US extradition treaty with "laws of the place" language); *Castro Bobadilla v. Reno*, 826 F. Supp 1428, 1433 (S.D. Fla. 1993)(interpreting Honduran extradition treaty with "laws of the place" language), *aff'd*, 28 F.3d 116 (11th Cir. 1994). Thus, the precedent that applies to this Court's deliberations directs application of a federal standard when the treaty language is as stated in the Canada-U.S. treaty.

Further, for this Court to follow the approach of applying the State of Florida's procedural law would subvert long standing principles of extradition law. *Shapiro v. Ferrandina*, 478 F.2d at 902 (application of New York procedural law that prohibits hearsay runs afoul of *Collins v. Loisel* as well as good sense). It is well established that state law does not control the introduction of evidence at federal proceedings, *Emami v. United States District Court*, 834 F.2d 1444, 1450 n.6 (9th Cir. 1987), and that is what would happen if the Court adopts state procedural law. As pointed out by counsel at the last hearing, to do so puts the Canada-U.S. treaty, as well as the other treaties that use similar language, at the mercy of fifty state

---

[2] *See Abu Eain v. Adams*, 529 F. Supp. 685 (N.D. Ill. 1980), *aff'd sub nom Eain v. Wilkes,* 641 F.2d 504, 507-08 (7th Cir. 1981)(interpreting Israeli extradition treaty with "laws of place" language to require determination of probable cause under federal law); *In re Assarsson*, 635 F.2d 1237, 1245 (7th Cir. 1980)(Swedish extradition treaty with "laws of place" language); *Republic of France v. Moghadam*, 617 F. Supp. 777, 782 (N.D. Cal. 1985)(French extradition treaty with "laws of place" language governed by federal standard).

legislatures, who can modify their state procedural law at will. Such a result was certainly not contemplated by the contracting parties to this treaty, and runs afoul of the Constitution, which vests the foreign affairs power in the Executive and Congress - - not state legislatures.

    Respectfully submitted,

                              GREGORY R. MILLER
                              United States Attorney

                              _s/ Robert O. Davis_
                              ROBERT O. DAVIS
                              Assistant United States Attorney
                              D.C. Bar No. 250274
                              111 North Adams Street, 4th Floor
                              Tallahassee, Florida, FL 32301
                              (850) 942-8430

**CERTIFICATE OF SERVICE**

I hereby certify that on May 16, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

| | |
|---|---|
| Michael Robert Ufferman | R. Timothy Jansen |
| Michael Ufferman Law Firm, P.A. | R. Timothy Jansen, P.A. |
| 2022-1 Raymond Diehl Road | 1206 North Duval Street |
| Tallahassee, Florida 32308. | Tallahassee, Florida 32303 |

                                                                                             s/ Robert O. Davis
                                                   Robert O. Davis
                                                   Assistant United States Attorney