IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | |
|---|---|
| IN THE MATTER OF THE REQUESTED EXTRADITION OF STEVEN LEE BATCHELDER. | Case No. 4:06mj136-WCS |

**MR. BATCHELDER'S SUPPLEMENTAL MEMORANDUM REGARDING THE LAW OF EXTRADITION**

STEVEN LEE BATCHELDER, by and through undersigned counsel, provides the Court with the following supplemental memorandum regarding the law of extradition. Mr. Batchelder has focused this memorandum on those issues for which Mr. Batchelder disagrees with the Government's supplemental memorandum. (Doc. 36).

First, Mr. Batchelder asserts a double jeopardy defense in regards to the dual criminality requirement of the first two crimes for which the Government seeks extradition (abduction of a person under fourteen years of age and unlawful confinement). For both offenses, the Government relies upon the same statute to satisfy the dual criminality requirement (the federal kidnapping

statute, 18 U.S.C. § 1201).[1]  (Doc 36 - Pgs 4-5).  The Double Jeopardy Clause prohibits the imposition of multiple trials, multiple convictions and multiple punishments for the same offense.  *See North Carolina v. Pearce*, 395 U.S. 711, 717 (1969), *overruled on other grounds by Alabama v. Smith*, 490 U.S. 794, 802 (1989).  The familiar test utilized by the Supreme Court to determine whether a single criminal episode constitutes a violation of two separate statutes was announced in *Blockburger v. United States*, 284 U.S. 299, 304 (1932):

> where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not.

In the instant case, there is no need to resort to a *Blockburger* analysis because the Government is relying upon the same statute (18 U.S.C. § 1201) for both offenses in question.[2]  Accordingly, Mr. Batchelder submits that he can be

---

[1] The Government also relies upon the Florida kidnapping statute, section 787.01, Florida Statutes.  (Doc 36 - Pg 5).

[2] The Canadian abduction statute is more analagous to section 787.025, Florida Statutes, than the federal kidnapping statute.  Section 787.025 provides:

> A person 18 years of age or older who intentionally lures or

extradited on one or the other alleged charges (if the Government can meet its burden of establishing probable cause), but not both.[3]

Second, Mr. Batchelder submits that the Government has not met its burden of establishing dual criminality for the invitation to sexual touching alleged offense. The claimed invitation to sexual touching that occurred in this case was Mr. Batchelder's purported request that the alleged victim kiss him on the cheek. The Government relies upon several statutes to meet the dual criminality requirement for this offense: 18 U.S.C. § 2241 (aggravated sexual abuse), 18 U.S.C. § 2242 (sexual abuse), 18 U.S.C. § 2243(a) (sexual abuse of

---

    entices, or attempts to lure or entice, a child under the age of 12 into a structure, dwelling, or conveyance for other than a lawful purpose commits a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.

§ 787.025(2)(a), Fla. Stat. However, a violation of section 787.025 is a misdemeanor (punishable by a maximum sentence of one year in jail), and the treaty in question only permits extradition if the alleged offense is punishable by a term of imprisonment exceeding one year (in both jurisdictions). *See* Extradition Treaty, U.S.-Canada, Art. 2, § (1), 27 U.S.T. 983.

    [3] In support of his argument, Mr. Batchelder offers an extreme example. If a foreign jurisdiction charged a United States citizen with ten separate offenses arising from a single criminal episode, and it was clear that under United States law the citizen would only be subject to one criminal charge if prosecuted in the United States, a court would be compelled to limit extradition to a single offense.

a minor), 18 U.S.C. § 2244(a) (abusive sexual contact), 18 U.S.C. § 2422 (coercion and enticement), and 18 U.S.C. § 2423(a) (transportation of minors). (Doc 36 Pg 6). However, 18 U.S.C. § 2246 defines the relevant terms for the statutes relied upon by the Government. In particular, § 2246(3) states:

> the term "sexual contact" means the intentional touching, either directly or through the clothing, of *the genitalia, anus, groin, breast, inner thigh, or buttocks* of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person.

(Emphasis added). The conduct of merely requesting another individual to give a kiss on the *cheek* is not proscribed by any of the statutes upon which the Government has relied.[4] Hence, regardless of whether this alleged conduct is criminal in Canada, it is clear that the alleged conduct is not criminal in the

---

[4] The Government relies upon the Florida lewd and lascivious statute, section 800.04, Florida Statutes. (Doc 36 - Pg 7). However, section 800.04 also defines conduct that amounts to unlawful sexual activity:

> "Sexual activity" means the *oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object*; however, sexual activity does not include an act done for a bona fide medical purpose.

§ 800.04(1)(a), Fla. Stat. (emphasis added). The alleged conduct in the instant case is not proscribed by section 800.04.

United States.  Therefore, the Government has failed to meet its burden of establishing dual criminality as to this offense.  Alternatively, for all of these same reasons, Mr. Batchelder submits that the Government will be unable to establish that there is probable cause to believe that Mr. Batchelder committed the invitation to sexual touching offense in light of the innocuous factual allegations regarding this alleged offense.

Third, for all of the reasons set forth in Mr. Batchelder's original memorandum (Doc 29), Mr. Batchelder requests the Court to adhere to its holding that the probable cause standard applicable to this case is the standard of the *state* in which the accused has been apprehended (pursuant to the language of the treaty in question).  *See In the Matter of the Extradition of Schweidenback*, 3 F. Supp. 2d 113, 115 (D. Mass. 1998).

Finally, Mr. Batchelder respectfully requests the Court to reconsider its holding that, under Florida law, the "nonadversarial probable cause" standard[5] applies to the instant extradition hearing.  (Doc 30 - Pg 6).  The Court based its ruling on the fact that "there never will be an indictment or information under Florida law . . . ."  (Doc 30 - Pg 6).  Mr. Batchelder submits that pursuant

---

[5] *See* Fla. R. Crim. P. 3.133(a).

to the Court's reasoning, the "adversarial probable cause" standard should apply to this case.[6] The "adversarial probable cause" standard applies in Florida when the prosecution has failed to timely file a charging document after the defendant's arrest. Mr. Batchelder submits that it follows that because there will be no charging document filed by the Government in the instant case, he is entitled to the same protections afforded to Florida citizens under the "adversarial probable cause" standard. Mr. Batchedler continues to rely upon the reasoning contained in his original memorandum in support of this argument. (Doc 29).

        Respectfully submitted,

        /S/ R. TIMOTHY JANSEN
        R. TIMOTHY JANSEN
        1206 North Duval Street
        Tallahassee, Florida 32303
        (850) 224-1440/fax (850) 224-0381
        FL Bar No. 0691208

        /S/ MICHAEL UFFERMAN
        MICHAEL UFFERMAN
        2022-1 Raymond Diehl Road
        Tallahassee, Florida 32308
        (850) 386-2345/fax (850) 224-2340
        FL Bar No. 114227

        Counsel for Mr. **BATCHELDER**

---

[6] *See* Fla. R. Crim. P. 3.133(b).

## CERTIFICATE OF SERVICE

Undersigned counsel hereby certify that on May 23, 2007, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification to:

Assistant United States Attorney Robert O. Davis
111 North Adams Street, Suite 400
Tallahassee, Florida 32301.

/s/ R. TIMOTHY JANSEN
R. TIMOTHY JANSEN
R. TIMOTHY JANSEN, P.A.
1206 North Duval Street
Tallahassee, Florida 32303
(850) 224-1440/fax (850) 224-0381
FL Bar No. 0691208

/s/ MICHAEL UFFERMAN
MICHAEL UFFERMAN
Michael Ufferman Law Firm, P.A.
2022-1 Raymond Diehl Road
Tallahassee, Florida 32308
(850) 386-2345/fax (850) 224-2340
FL Bar No. 114227

Counsel for Mr. **BATCHELDER**

xc:   Steven Lee Batchelder