IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**IN THE MATTER OF**
**THE EXTRADITION OF**                    Case No.: 4:06mj136-WCS
**STEVEN LEE BATCHELDER**
_____/

## GOVERNMENT'S SECOND SUPPLEMENTAL MEMORANDUM
## CONCERNING EXTRADITION

On May 23, 2007, counsel for Mr. Batchelder filed a Supplemental Memorandum Regarding The Law of Extradition (doc. 37) in which they asserted that double jeopardy bars Mr. Batchelder's extradition on both charges of abduction of a person under fourteen years of age and unlawful confinement. In this memorandum, counsel for Mr. Batchelder also states that the conduct alleged in the Canadian extradition request is insufficient to establish the dual criminality of the invitation to sexual touching offense.

In response to the first argument, the government restate's that an extradition proceeding is not a criminal proceeding and the notion of multiplicity, reflected in counsel's *Blockberger*[1] argument, does not apply. *Neely v. Henkel*, 180 U.S. 109 (1901). In *Neely*, the Supreme Court stated that proceedings in foreign countries are not to be tested by the safeguards established in the United States under our Constitution, because those Constitutional safeguards have "no relation to crimes committed without the jurisdiction of the United States against the law of a foreign country." 180 U.S. at 123; *accord Martin v. Warden, Atlanta Pen, U.S.,* 993 F.2d 824, 828-829 (11th Cir. 1994)(no right to Sixth Amendment Speedy Trial); *Holmes v. Laird*,

---

[1] *Blockburger v. United States*, 284 U.S. 299 (1932).

459 F.2d 1211, 1219 (D.C. Cir.), *cert. denied*, 409 U.S. 869 (1972)(extradition is unimpaired by absence in foreign systems of safeguards equivalent to those provided in American trials).

Rather, in an extradition proceeding, a court is required to make limited determinations, including its jurisdiction, the existence of a treaty in force, whether the crime is covered by the treaty, whether the person is the same one sought by the requesting country, and whether there is probable cause to believe that the extraditee committed the crime alleged.  Multiplicity is not part of this analysis.  *See, Collins v. Loisel,* 259 U.S. 309, 312 (1922)("The law does not require that the . . . scope of [criminal] liability be coextensive, or in other respects, the same in the two countries.  It is enough if the particular act charged is criminal in both jurisdictions).  The First Circuit explained this in different language:

> Mechanically, then, the inquiry into dual criminality requires courts to compare the law of the surrendering state that purports to criminalize the charged conduct with the law of the requesting state that purports to accomplish the same result.  If the same conduct is subject to criminal sanctions in both jurisdictions, no more is exigible.

*United States. v. Saccoccia*, 58 F.3d 754, 766 (1st Cir. 1995).

Concerning the second argument in Mr. Batchelder's Supplemental Memorandum - - that the conduct that serves as the basis for the invitation to sexual touching is innocuous and does not meet the statutory definition of "sexual contact" in any of the federal or state statutes cited - - the government believes, that this misconstrues, again, the proper inquiry for this Court.  The conduct described in the Canadian extradition request meets the standards for a Canadian prosecution under Canadian law, as reflected in the affidavit of Crown Counsel.  Further, the conduct described in the Canadian statute is comparable to the conduct penalized in the federal statutes cited, which are quite broad in their reach, as reflected in the Pattern Jury Instructions for violations of 18 U.S.C. § 2422.  As such, the government believes that there is dual

criminality, and the only remaining inquiry concerns probable cause to believe that Mr. Batchelder committed the Canadian crime.

As to that showing, the government believes that the totality of the facts of this case make a clear showing of probable cause, and that the Canadian extradition request should be granted.  Counsel for Mr. Batchelder focuses only on one aspect of the conduct alleged in the Canadian extradition request, which included his inviting the young girl into his car and telling her he was a friend of one of her classmates, then telling her that she smelled nice and asking for a kiss on the cheek, driving her not in the direction of the school, but toward a dead-end street, telling her that he would take her anywhere he wanted to, grabbing her arm when she tried to get out of the car and preventing her from exiting the car.  The young girl was only able to escape when she struggled free, unlocked the door, and jumped from the moving vehicle, suffering abrasions as she fell to the ground.   This conduct, which is contained in the Canadian extradition request, is sufficient in the view of the Crown Counsel for a jury to conclude that Mr. Batchelder was not seeking innocent contact with the young girl, but was abducting the girl with the intent to force her into some further sexual contact.  If this same conduct were committed in the United States, the government contends it would easily fit into federal statutes, including 18 U.S.C. § 2242(b), as stated in the government's previous submission.

Mr. Batchelder's claim that he was attempting to engage in innocent conduct is a factual matter that he can present in defense of the charges in Canada, and it will be up to the Canadian prosecutor to put on evidence of this entire course of conduct that Mr. Batchelder was not acting innocently, but with the requisite intent for criminal liability.  But, for purposes of determining if there is dual criminality for the offense charged in this case, which is the limited issue before this

Court, it is clear that the conduct alleged in the Canadian extradition request satisfies that requirement.

Respectfully submitted,

GREGORY R. MILLER
United States Attorney


  s/ Robert O. Davis
ROBERT O. DAVIS
Assistant United States Attorney
D.C. Bar No. 250274
111 North Adams Street, 4th Floor
Tallahassee, Florida, FL 32301
(850) 942-8430

**CERTIFICATE OF SERVICE**

I hereby certify that on May 31, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

| | |
|---|---|
| Michael Robert Ufferman | R. Timothy Jansen |
| Michael Ufferman Law Firm, P.A. | R. Timothy Jansen, P.A. |
| 2022-1 Raymond Diehl Road | 1206 North Duval Street |
| Tallahassee, Florida 32308. | Tallahassee, Florida 32303 |

    s/ Robert O. Davis
Robert O. Davis
Assistant United States Attorney