IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**In re the Extradition of**
**STEVEN LEE BATCHELDER,**                    CASE NO. 4:06mj136-WCS

    **Defendant.**

_____/


## SECOND ORDER GOVERNING THE EXTRADITION HEARING

The parties have filed additional memoranda concerning issues in this extradition proceeding.  Docs. 36 and 37.  The Government has filed a motion for leve to file a reply.  That motion is granted, and the reply, doc. 39, has been considered.

Article 2 of the Treaty is the "dual criminality" provision.  It provides:

> (1) Extradition shall be granted for conduct which constitutes an offense punishable by the laws of both Contracting Parties by imprisonment or other form of detention for a term exceeding one year or any greater punishment.

Doc. 7-3, p. 7; doc. 15-2, p. 12 (as amended in 1974).  This Article refers to the laws of the United States, at least as the first source of law.

Dual criminality does not mean that the offenses of both countries be identical.

> The law does not require that the name by which the crime is described in the two countries shall be the same; nor that the scope of the liability shall be coextensive, or, in other respects, the same in the two countries.  It is enough if *the particular act* charged is criminal in both jurisdictions.

Collins v. Loisel, 259 U.S. 309, 312, 42 S.Ct. 469, 470-471, 66 L.Ed. 956 (1922) (emphasis added); Gallo-Chamorro v. United States, 233 F.3d 1298, 1307 (11th Cir. 2000), *cert. denied*, 533 U.S. 953 (2001) (quoting Collins v. Loisel).  Indeed, it is not necessary that all of the elements be the same.

> [T]o satisfy the "dual criminality" requirement, each element of the offense purportedly committed in a foreign country need not be identical to the elements of a similar offense in the United States.  It is enough that the conduct involved is criminal in both countries.

Matter of Extradition of Russell, 789 F.2d 801, 803 (9th Cir. 1986); United States v. Saccoccia, 58 F.3d 754, 766 (1st Cir. 1995), *cert. denied*, 517 U.S. 1105 (1996).

Defendant is charged with three offenses under Canadian law: (1) abduction of a person under 14; (2) unlawful confinement; and (3) invitation to sexual touching.  Under Canadian law, abduction of a person under 14 is committed by detaining a person under the age of 14 years old with intent to deprive the parent or guardian of the possession of that person.  Skerkowski Affidavit, ¶ 15, doc. 15-3, p. 33.  Unlawful confinement is the confinement or forcible seizure of another person without lawful authority.  Skerkowski Affidavit, ¶ 16, doc. 15-3, p. 33.  These two Canadian offenses are sufficiently similar to the federal offense of kidnapping proscribed by 18 U.S.C. § 1201 to satisfy the dual criminality requirement of the Treaty.

Defendant contends that he is subjected to double jeopardy forbidden by the United States Constitution because the Government relies upon the same federal statute to show that these two Canadian offenses would be crimes if committed in this country.  This contention is not persuasive.  Defendant will not be tried in the United States.  If he were to be tried in the United States, he would be tried for the one offense

relied upon by the Government and hence, no double jeopardy.  The reference to federal law is only for determining whether the Treaty requirement of dual criminality has been met.  Double jeopardy has essentially no role at all in an extradition proceeding.  *Cf.* Collins v. Loisel, 262 U.S. 426, 43 S.Ct. 618, 67 L.Ed. 1062 (1923):

> Collins contended that commitment [for extradition] on the new affidavits, after discharge in proceeding based on others identical in form and substance, was a violation of the Fifth Amendment and of the Treaty with Great Britain.  The constitutional provision against double jeopardy can have no application unless a prisoner has, theretofore, been placed on trial.

262 U.S. at 429, 43 S.Ct. at 619.  *See also*, Neely v. Henkel, 180 U.S. 109, 21 S.Ct. 302, 45 L.Ed. 448 (1901):

> Allusion is here made to the provisions of the Federal Constitution relating to the writ of habeas corpus, bills of attainder, ex post facto laws, trial by jury for crimes, and generally to the fundamental guaranties of life, liberty, and property embodied in that instrument.  The answer to this suggestion is that those provisions have no relation to crimes committed without the jurisdiction of the United States against the laws of a foreign country.

180 U.S. at 122, 21 S.Ct. at 307.

The third Canadian offense is invitation to sexual touching.  This offense is committed when a person invites a person under the age of fourteen "to touch, directly or indirectly, with a part of the body . . . , the body of any person, including the body of the person who so invites . . . and the body of the person under the age of fourteen years."  Skerkowski Affidavit, ¶ 18, doc. 15-3, p. 34.

The Government cites, *inter alia*, 18 U.S.C. § 2244, abusive sexual contact, as a federal offense sufficiently similar to the Canadian offense.  One form of "abusive sexual contact" relevant here is when a person "knowingly engages in or causes sexual contact with or by another person, if so to do would violate – . . . (3) subsection (b) of section

2243 of this title had the sexual contact been a sexual act . . . ."  18 U.S.C. § 2244(a)(3). Section 2243 prohibits engaging in "a sexual act" with another person who has attained the age of 12 years old but is less than 16 years old, or "attempts to do so."  18 U.S.C. § 2243(a)(1).  "Sexual contact" is defined as "the intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to . . . gratify the sexual desire of any person."  18 U.S.C. § 2246(3).

Defendant argues that an invitation to kiss on the cheek is not "sexual contact" as defined by 18 U.S.C. § 2246(3).  I find that merely kissing on the cheek is not "sexual contact" as so defined.

However, the actions alleged here might constitute an attempt to violate section 2244.  It is an oddity of Title 18 that there is no general statute creating the offense of attempt.  Attempts are usually added to the particular criminal code provision.  *E.g.*, 18 U.S.C. § 1201 (kidnapping); 18 U.S.C. § 1341 (mail fraud); 18 U.S.C. § 1344 (bank fraud); 18 U.S.C. § 1513 (retaliation against a witness, victim, informant).  Section 2244 does not specifically prohibit an attempt to commit the offense of abusive sexual contact.  However, as noted above, section 2244 prohibits "sexual contact" if it would violate section 2243 "had the sexual contact been a sexual act."  18 U.S.C. § 2244(a)(4).  Section 2243 punishes attempts.  Elsewhere in federal criminal law it is stated that 18 U.S.C. § 2244 may be violated by an attempt.  *E.g.*, 18 U.S.C. § 3559(c)(2)(F), defining a "serious violent felony" as including, among other offenses, an attempt to commit a violation of sections 2244(a) and (b).  *See also*, USSG, § 2A3.4, 18 U.S.C., entitled "Abusive Sexual Contact or *Attempt* to Commit Abusive Sexual

Contact."  (Emphasis added.)  Thus, in the absence of persuasive authority to the contrary, I conclude that section 2244 may be violated by an attempt.

To prove an attempt to commit a criminal offense, there must be proof of "an 'overt act' that constitutes a 'substantial step' toward completing the offense. . . .  As was true at common law, the mere intent to violate a federal criminal statute is not punishable as an attempt unless it is also accompanied by significant conduct."  United States v. Resendiz-Ponce, __ U.S. __, 127 S.Ct. 782, 787, 166 L.Ed.2d 591 (2007).

> "To sustain a conviction for the crime of attempt, the government need only prove (1) that the defendant had the specific intent to engage in the criminal conduct for which he is charged and (2) that he took a substantial step toward commission of the offense."  United States v. Murrell, 368 F.3d 1283, 1286 (11th Cir. 2004).  A substantial step "must be more than remote preparation," and must be conduct "strongly corroborative of the firmness of the defendant's criminal intent."  United States v. Mandujano, 499 F.2d 370, 377 (5th Cir. 1974).

United States v. Ballinger, 395 F.3d 1218, 1238 n.8 (11th Cir.), *cert. denied*, 126 S.Ct. 368 (2005).

Extended kissing, had that occurred, would probably have resulted in touching of the victim's breast if only during an embrace.  That would have been "sexual contact" as defined above.  But there is substantial evidence that more than kissing was intended.  Christopher Lemaich states in his affidavit that on June 21, 2006, Defendant asked the victim if she needed a ride to school.  Doc. 15-3, ¶ 12.  She declined but got into the vehicle after Defendant told her he was "John's friend."  *Id.*  After she sat in the passenger seat, Defendant said she smelled really nice and asked for a kiss on the cheek.  *Id.*, ¶ 13.  The victim noticed that Defendant was not driving toward school and commented on this.  *Id.*  Defendant responded by accelerating the motor vehicle and

said: "I'll take you wherever I want." *Id.* The victim saw that the vehicle was on a dead end road. *Id.* She tried to open the door but it was locked. *Id.*, ¶ 14. Defendant then grabbed her wrist and "held on very tight." *Id.* She opened the door with her right hand and jumped from the moving vehicle to the pavement. *Id.* The victim was treated at a hospital for scrapes to her arms and inside her wrists consistent with striking a roadway "at some speed." *Id.*, ¶ 9. The victim was 12 years old. *Id.*, ¶ 11. Defendant was born on January 1, 1983, and was 23 years old. *Id.*, ¶ 22. The actions of Defendant described in the affidavit are sufficient to satisfy the dual criminality provision of the Treaty as an attempted violation of 18 U.S.C. § 2244.

The final issue raised by these supplemental memoranda is whether I correctly interpreted Article 10(1) of the Extradition Treaty Between the United States of America and Canada of 1971. The Government asks me to reconsider the basic premise, and Defendant asks me to adopt a different provision of Florida procedural law. Article 10(1) provides:

> (1) Extradition shall be granted only if the evidence be found sufficient, according to the laws of the place where the person sought shall be found, either *to justify his committal for trial if the offense of which he is accused had been committed in its territory* or to prove that he is the identical person convicted by the courts of the requesting state.

Doc. 15-2, p. 27 (emphasis added).

I previously relied upon <u>Matter of Extradition of Schweidenback</u>, 3 F.Supp.2d 113, 116 (D. Mass. 1998), <u>Romeo v. Roache</u>, 820 F.2d 540, 545 (1st Cir. 1987), and <u>Shapiro v. Ferrandina</u>, 478 F.2d 894, 901 (2d Cir.), *cert. dismissed*, 414 U.S. 884 (1973) to conclude that Florida law should govern the sufficiency of the evidence for probable cause for the Canadian offenses. I did not consider the force of Article 2, requiring dual

criminality, that is, "an offense punishable by the laws of both Contracting Parties."  It makes little sense to refer to federal substantive law for whether the Canadian offense has an analogue proscribed by a federal law and then to Florida law for the sufficiency of the evidence to show probable cause for the Canadian offenses.  I must harmonize the phrase in Article 10(1), "to justify his committal for trial *if the offense of which he is accused had been committed in its territory*," with Article 2.  In this case, federal substantive law satisfies the dual criminality requirement.  Moreover, it reasonable to say that the "place" where Defendant was found was both in the United States and in Florida.  Indeed, since this is a federal treaty, it is more probable that the "place" intended is the United States as that would provide uniformity throughout all of the states with respect to the sufficiency of the evidence for extradition.  Reading Articles 2 and 10(1) together for this case, federal law should apply both substantively and procedurally.  I recede from my reliance upon the cases cited above.

In any event, were I to adhere to my prior ruling, and I do not, I would not adopt Defendant's suggestion to use Florida's more rigorous probable cause procedure.  The determination of probable cause here is not a prelude to a Florida indictment and trial, and thus the preliminary Florida probable cause procedure is more appropriate.  That standard is the same as the federal standard, so it would make no difference.

Accordingly, it is **ORDERED** that:

1. The Government's motion for leave to file a reply, doc. 38, is **GRANTED**.

Case No. 4:07mj136-WCS

2. This order, as well as my prior order, doc. 30, except with respect to the issue of probable cause procedures, will govern further proceedings in this case.

**DONE AND ORDERED** on June 1, 2007.

**s/   William C. Sherrill, Jr.**
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**
