**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**In re the Extradition of
STEVEN LEE BATCHELDER,**                     **CASE NO. 4:06mj136-WCS**

      **Defendant.**

_____/

## ORDER OF CERTIFICATION TO THE SECRETARY OF STATE

This is a proceeding seeking extradition of Steven Lee Batchelder to Canada

pursuant 18 U.S.C. § 3184 and the Treaty on Extradition Between the United States of

America and Canada.  Doc. 1 (complaint).  Defendant is charged with three offenses

under Canadian law: (1) abduction of a person under 14; (2) unlawful confinement; and

(3) invitation to sexual touching.  Neither party contests subject matter or *in personam*

jurisdiction.  The case is referred to me by N.D. LOC. R. 72.2(14).  A final hearing was

held on June 21, 2007.  The Government presented three exhibits.  These exhibits had

also been filed as documents 15-2, 7-3, and 15-3 on the electronic docket.  There was

no testimony, and thus no need for a transcript.

**Evidence to be considered and the standard of probable cause**

Section 3184 of Title 18, United States Code provides in part that a warrant may

issue to bring a defendant before a magistrate judge so that "the evidence of criminality

may be heard and considered."  The statute further provides that:

> If, on such hearing, he [the magistrate judge] deems *the evidence
> sufficient to sustain the charge under the provisions of the proper treaty or
> convention*, or under section 3181(b), he shall certify the same, *together
> with a copy of all the testimony taken before him*, to the Secretary of State,
> that a warrant may issue upon the requisition of the proper authorities of
> such foreign government, for the surrender of such person, according to
> the stipulations of the treaty or convention; and he shall issue his warrant
> for the commitment of the person so charged to the proper jail, there to
> remain until such surrender shall be made.

18 U.S.C. § 3184 (emphasis added).

Section 3190 provides:

> Depositions, warrants, or other papers or copies thereof offered in
> evidence upon the hearing of any extradition case shall be received and
> admitted as evidence on such hearing for all the purposes of such hearing
> if they shall be properly and legally authenticated so as to entitle them to
> be received for similar purposes by the tribunals of the foreign country
> from which the accused party shall have escaped, and the certificate of
> the principal diplomatic or consular officer of the United States resident in
> such foreign country shall be proof that the same, so offered, are
> authenticated in the manner required.

18 U.S.C. § 3190.  Subpoenas for witnesses may be issued for an "indigent fugitive" for

the hearing.  18 U.S.C. § 3191.

The offense or offenses charged must be included in the particular treaty as

"extraditable" offenses.  <u>United States v. Fernandez-Morris</u>, 99 F.Supp.2d 1358, 1360

(S.D. Fla. 1999).  The standard of proof is probable cause:

> "The extradition hearing is not a trial on the merits to determine guilt or
> innocence, but serves as a means of ensuring that probable cause exists
> to believe the person whose surrender is sought has committed the crime

for which his extradition is requested."  *Castro Bobadilla v. Reno*, 826 F.Supp. 1428 (S.D. Fla.1993), *aff'd*, 28 F.3d 116 (11th Cir.1994).

99 F.Supp.2d at 1361.

Our circuit long ago established the rules of evidence and burden of proof for an

extradition hearing:

> The evidence [in the record] was competent under 18 U.S.C. § 3190, which makes admissible, and therefore competent, documents submitted by the demanding government that satisfy certain specifications.  Section 3190 provides that documents authenticated by the demanding government's authorities, so as to be admissible for similar purposes in tribunals of the demanding government, 'shall be received and admitted as evidence' at an extradition hearing in this country 'for all the purposes of such hearing'; and the certification of the principal United States diplomatic officer in the demanding nation 'shall be proof' that the documents are so authenticated.

> It has been held by the Supreme Court and the lower federal courts that 'competent evidence to establish reasonable ground is not necessarily evidence sufficient to convict, nor only such as can pass technical rules governing the admissibility of evidence in criminal trials.'  *U.S. ex rel. Klein v. Mulligan*, 50 F.2d 687, 688 (2 Cir. 1931), *cert. den.*, 284 U.S. 665, 52 S.Ct. 41, 76 L.Ed. 563 (1931), and the cases cited therein.

> With respect to the evidence upon which the extradition magistrate acted, it must be remembered that the extradition magistrate merely determines probable cause, making an inquiry like that of a committing magistrate and no more.  *Benson v. McMahon,* 127 U.S. 457, 463, 8 S.Ct. 1240, 32 L.Ed. 234 (1888).  Probable cause was given its classic definition, on April 1, 1807, by Chief Justice John Marshall, sitting as committing magistrate in the treason prosecution of Aaron Burr.  He held that he should not require evidence to convince himself that the defendant was guilty, but only that "furnishing good reason to believe that the crime alleged had been committed by the person charged with having committed it."

Jimenez v. Aristeguieta, 311 F.2d 547, 562 (5th Cir. 1962)*, cert. denied,* 373 U.S. 914

(1963) (footnote omitted) (*citing in the footnote,* United States v. Burr, 25 Fed.Cas. p. 2,

12, No. 1469a (C.C.D. Va. 1807), from Beveridge, THE LIFE OF JOHN MARSHALL, Vol. III,

p. 376).

Further,

The accused is not entitled to introduce evidence which merely goes to his defense but he may offer limited evidence to explain elements in the case against him, since the extradition proceeding is not a trial of the guilt or innocence but of the character of a preliminary examination held before a committing magistrate to determine whether the accused shall be held for trial in another tribunal.

*Id.*, 311 F.2d at 556 (citations omitted).  Thus, a Defendant may not present evidence that contradicts the evidence presented by the Government, but may present only explanatory evidence.  Matter of Demjanjuk, 603 F.Supp. 1463, 1464-1465 (N.D. Ohio 1984); Fernandez-Morris, 99 F.Supp.2d at 1366 and cases cited.  Explanatory evidence is evidence rebutting probable cause, not evidence in defense.  Demjanjuk, 603 F.Supp. at 1464.

I have discretion with respect to what may be considered "explanatory."  *Id.* However, "[t]he magistrate does not weigh conflicting evidence and make factual determinations but, rather, determines only whether there is competent evidence to support the belief that the accused has committed the charged offense."  Quinn v. Robinson, 783 F.2d 776, 815 (9th Cir. 1986), *cert. denied*, 479 U.S. 882 (1986); Austin v. Healey, 5 F.3d 598, 605 (2nd Cir. 1993), *cert. denied*, 510 U.S. 1165 (1994) (quoting Quinn).

Whether there is to be discovery is also committed to my discretion.

In exercising discretion, the magistrate should consider both "the well-established rule that extradition proceedings are not to be converted into a dress rehearsal trial," *id.*, and whether the resolution of the contested issue would be appreciably advanced by the requested discovery, *id.*  Although the accused is not entitled to introduce evidence that goes to his defense, "he may offer limited evidence to explain elements in the case against him".

Quinn v. Robinson, 783 F.2d at 815 (*citing*, Jimenez v. Aristeguieta, 311 F.2d at 556).

18 U.S.C. § 3191 relates to subpoenas for witnesses, and not depositions, and thus

does not imply that depositions may be taken.  Jimenez v. Aristeguieta, 311 F.2d at

556.

It is argued that the standard for probable cause may vary according to the

particular treaty at issue.  Article 10(1) of the Extradition Treaty Between the United

States of America and Canada, Government's Exhibit 2, provides:

> (1) Extradition shall be granted only if the evidence be found sufficient,
> according to the laws *of the place where the person sought shall be found*,
> either to justify his committal for trial if the offense of which he is accused
> had been committed *in its territory* or to prove that he is the identical
> person convicted by the courts of the requesting state.

Government's Exhibit 2, Art. 10(1); doc. 7-3, p. 11 (emphasis added).

I initially relied upon Matter of Extradition of Schweidenback, 3 F.Supp.2d 113,

116 (D. Mass. 1998), Romeo v. Roache, 820 F.2d 540, 545 (1st Cir. 1987), and

Shapiro v. Ferrandina, 478 F.2d 894, 901 (2d Cir.), *cert. dismissed*, 414 U.S. 884 (1973)

to conclude that Florida law should govern the sufficiency of the evidence to show

probable cause as to the Canadian offenses.  Doc. 30.

That ruling was reconsidered and I receded from that view.  Doc. 40.  The Treaty

requires dual criminality, that is, "an offense punishable by the laws of *both Contracting

Parties*."  Government's Exhibit 2, Art. 2 (1); doc. 7-3, p. 7 (emphasis added).  It makes

little sense to refer to federal substantive law for whether the Canadian offense has an

analogue proscribed by a federal law and then to Florida law for the sufficiency of

evidence to show probable cause for the Canadian offenses.  The phrase in Article

10(1), "to justify his committal for trial *if the offense of which he is accused had been*

*committed in its territory*," must be harmonized with Article 2. In this case, federal substantive law is the law to be examined to determine whether the dual criminality requirement has been met. Moreover, the "place" where Defendant was found is equally in the United States and in Florida. Since this is a federal treaty, it is more probable that the "place" intended is the United States because that construction of Article 10 provides uniformity throughout all of the states with respect to the sufficiency of the evidence for extradition to Canada. Reading Articles 2 and 10(1) together for this case, federal law applies both substantively and procedurally.[1]

**Dual criminality**

Dual criminality does not mean that the offenses of both countries must be identical.

> The law does not require that the name by which the crime is described in the two countries shall be the same; nor that the scope of the liability shall be coextensive or, in other respects, the same in the two countries. It is enough if *the particular act* charged is criminal in both jurisdictions.

Collins v. Loisel, 259 U.S. 309, 312, 42 S.Ct. 469, 470-471, 66 L.Ed. 956 (1922) (emphasis added); Gallo-Chamorro v. United States, 233 F.3d 1298, 1307 (11th Cir. 2000), *cert. denied*, 533 U.S. 953 (2001) (quoting Collins v. Loisel). It is also not necessary that all of the elements be the same.

> [T]o satisfy the "dual criminality" requirement, each element of the offense purportedly committed in a foreign country need not be identical to the elements of a similar offense in the United States. It is enough that the conduct involved is criminal in both countries.

---

[1] If I am incorrect that the federal probable cause standard applies, then I would adhere to my findings in my initial order, applying the less rigorous Florida probable cause procedure. See document 30, pp. 5-7. The less rigorous Florida procedure for determining probable cause produces is essentially the same as the federal standard.

<u>Matter of Extradition of Russell</u>, 789 F.2d 801, 803 (9th Cir. 1986); <u>United States v.</u>

<u>Saccoccia</u>, 58 F.3d 754, 766 (1st Cir. 1995), *cert. denied*, 517 U.S. 1105 (1996).

As noted earlier, Defendant is charged with three offenses under Canadian law:

(1) abduction of a person under 14; (2) unlawful confinement; and (3) invitation to

sexual touching.  Under Canadian law, charge one, abduction of a person under 14 is

committed by detaining a person under the age of 14 years old with intent to deprive the

parent or guardian of the possession of that person.  Government's Exhibit 3, ex. C,

Skerkowski Affidavit, ¶ 15; doc. 15-3, p. 33.  Unlawful confinement, charge two, is the

confinement or forcible seizure of another person without lawful authority.  *Id.*,

Skerkowski Affidavit, ¶ 16; doc. 15-3, p. 33.  These two Canadian offenses are

sufficiently similar to the federal offense of kidnapping proscribed by 18 U.S.C. § 1201

to satisfy the dual criminality requirement of the Treaty.

The third Canadian offense is invitation to sexual touching.  This offense is

committed when a person invites a person under the age of fourteen "to touch, directly

or indirectly, with a part of the body . . . , the body of any person, including the body of

the person who so invites . . . and the body of the person under the age of fourteen

years."  Government's Exhibit 3, Skerkowski Affidavit, ¶ 18; doc. 15-3, p. 34.

The Government cites, *inter alia*, 18 U.S.C. § 2244, abusive sexual contact, as a

federal offense sufficiently similar to the Canadian offense.  One form of "abusive sexual

contact" relevant here is when a person "knowingly engages in or causes sexual contact

with or by another person, if so to do would violate – . . .  (3) subsection (b) of section

2243 of this title had the sexual contact been a sexual act . . . ."  18 U.S.C. § 2244(a)(3).

Section 2243 prohibits engaging in "a sexual act" with another person who has attained

the age of 12 years old but is less than 16 years old, or "attempts to do so."  18 U.S.C. §

2243(a)(1).  "Sexual contact" is defined as "the intentional touching, either directly or

through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any

person with an intent to . . . gratify the sexual desire of any person."  18 U.S.C. §

2246(3).

     Merely kissing on the cheek is not "sexual contact" as defined by 18 U.S.C. §

2246(3).   However, the actions alleged here constitute an attempt to violate section

2244.  There does not appear to be a general federal general statute creating the

offense of an attempt.  Attempts are often added to the particular offense.  *E.g.*, 18

U.S.C. § 1201 (kidnapping); 18 U.S.C. § 1341 (mail fraud); 18 U.S.C. § 1344 (bank

fraud); 18 U.S.C. § 1513 (retaliation against a witness, victim, informant).

     Section 2244 does not specifically prohibit an attempt to commit the offense of

abusive sexual contact.  Section 2244 prohibits "sexual contact" if it would violate

section 2243 "had the sexual contact been a sexual act."  18 U.S.C. § 2244(a)(4).

Section 2243 punishes attempts.  Elsewhere in federal criminal law it is assumed that

18 U.S.C. § 2244 may be violated by an attempt.  *E.g.*, 18 U.S.C. § 3559(c)(2)(F),

defining a "serious violent felony" as including, among other offenses, an attempt to

commit a violation of sections 2244(a) and (b).  *See also*, USSG, § 2A3.4, 18 U.S.C.,

entitled "Abusive Sexual Contact or *Attempt* to Commit Abusive Sexual Contact."

(Emphasis added.)  In the absence of persuasive authority to the contrary, it is

concluded that section 2244 may be violated by an attempt.

     To prove an attempt to commit a federal criminal offense, there must be proof of

"an 'overt act' that constitutes a 'substantial step' toward completing the offense. . . .  As

was true at common law, the mere intent to violate a federal criminal statute is not

punishable as an attempt unless it is also accompanied by significant conduct." United

States v. Resendiz-Ponce, __ U.S. __, 127 S.Ct. 782, 787, 166 L.Ed.2d 591 (2007).

> "To sustain a conviction for the crime of attempt, the government need
> only prove (1) that the defendant had the specific intent to engage in the
> criminal conduct for which he is charged and (2) that he took a substantial
> step toward commission of the offense." United States v. Murrell, 368
> F.3d 1283, 1286 (11th Cir. 2004).  A substantial step "must be more than
> remote preparation," and must be conduct "strongly corroborative of the
> firmness of the defendant's criminal intent." United States v. Mandujano,
> 499 F.2d 370, 377 (5th Cir. 1974).

United States v. Ballinger, 395 F.3d 1218, 1238 n.8 (11th Cir.), *cert. denied*, 126 S.Ct.

368 (2005).

There is competent evidence that Defendant intended to engage in more than

kissing and hugging with the child, and took several substantial steps toward the

commission of the offense of abusive sexual contact.  Christopher Lemaich states in his

affidavit that on June 21, 2006, Defendant asked the Naomie Kumbu, a child age 12

years old, if she needed a ride to school.  Government's Exhibit 3, ex. 1, ¶¶ 11 and 12;

doc. 15-3, ¶ 12.  She declined but got into the vehicle after Defendant told her he was

"John's friend."  *Id.*  After she sat in the passenger seat, Defendant said she smelled

really nice and asked for a kiss on the cheek.  *Id.*, ¶ 13.  The child noticed that

Defendant was not driving toward school and commented on this.  *Id.*  Defendant

responded by accelerating the motor vehicle and said:  "I'll take you wherever I want."

*Id.*  The child saw that the vehicle was on a dead end road.  *Id.*  She tried to open the

door but it was locked.  *Id.*, ¶ 14.  Defendant then grabbed her wrist and "held on very

tight."  *Id.*  She opened the door with her right hand and jumped from the moving

vehicle to the pavement.  *Id.*  The child was treated at a hospital for scrapes to her arms

and inside her wrists consistent with striking a roadway "at some speed."  *Id.*, ¶ 9.

Defendant was born on January 1, 1983, and was then 23 years old.  *Id.*, ¶ 22.

Therefore, the actions of Defendant described in the affidavit of Christopher

Lemaich are sufficient to satisfy the dual criminality provision of the Treaty with respect

to the third Canadian offense, as an attempted violation of 18 U.S.C. § 2244.

**Double jeopardy**

Defendant contends that he is subjected to double jeopardy forbidden by the

United States Constitution because the Government relies upon the same federal

statute to show that first two Canadian offenses would be crimes if committed in this

country.  This contention is not persuasive.  Defendant will not be tried in the United

States.  If he were to be tried in the United States, he would be tried for the one offense

relied upon by the Government and hence, no double jeopardy.  The reference to

federal law is only for determining whether the Treaty requirement of dual criminality

has been met.  Double jeopardy has no role at all in an extradition proceeding.  *Cf.*

Collins v. Loisel, 262 U.S. 426, 43 S.Ct. 618, 67 L.Ed. 1062 (1923):

> Collins contended that commitment [for extradition] on the new affidavits,
> after discharge in proceeding based on others identical in form and
> substance, was a violation of the Fifth Amendment and of the Treaty with
> Great Britain.  The constitutional provision against double jeopardy can
> have no application unless a prisoner has, theretofore, been placed on
> trial.

262 U.S. at 429, 43 S.Ct. at 619.  *See also*, Neely v. Henkel, 180 U.S. 109, 21 S.Ct.

302, 45 L.Ed. 448 (1901):

> Allusion is here made to the provisions of the Federal Constitution relating
> to the writ of habeas corpus, bills of attainder, ex post facto laws, trial by

jury for crimes, and generally to the fundamental guaranties of life, liberty,
and property embodied in that instrument.  The answer to this suggestion
is that those provisions have no relation to crimes committed without the
jurisdiction of the United States against the laws of a foreign country.

180 U.S. at 122, 21 S.Ct. at 307.

Defendant requests that I recommend to the Secretary of State that he not be extradited to stand trial for the first two Canadian offenses.  Good cause for making that recommendation has not been shown.  Canada is a sovereign country and trial in Canada should proceed according to Canadian law without an attempt by this country to interfere.

**Credit for time served**

Defendant also requests that it be recommended to the Secretary of State that she recommend to Canada that, should Defendant be found guilty of the Canadian offenses and sentenced to prison, he be given credit for the last year he has spent in custody.  The theory of this request is that the federal warrant was issued on August 23, 2006, and had some adverse effect upon Defendant's custody level in state custody.

Defendant committed an offense against the State of Florida and was in custody serving that prison sentence.  He was credited by Florida against the Florida sentence for the time he was in state custody.  Were he to be convicted now of an offense against the United States (which is a hypothetical that has no relevance to what Canada may do), he would not receive credit for the time spent in custody over the past year since he received credit for that time against his State of Florida sentence.  18 U.S.C. § 3585(b) ("A defendant shall be given credit toward the service of a term of imprisonment [when convicted of a federal offense] for any time he has spent in official detention prior to the

date the sentence commences . . . that has not been credited against another sentence").

In any event, good cause for making the requested recommendation has not been shown.  Defendant will be governed by Canadian law as to this issue.

## Evidence to sustain the three charges pursuant to 18 U.S.C. § 3184

The evidence is sufficient to show probable cause to believe that Defendant committed the three Canadian offenses.  There is competent evidence that Defendant enticed the child, age 12, into his car, offered to take her to school, said she smelled good, asked for a kiss, had locked the doors, did not drive her to school as he said but accelerated the car when she inquired about where they were going, told her he would drive her wherever he wanted, drove into a dead end street, grabbed the child tightly by the wrist when she tried to leave the car, and caused the child to suffer injuries when she escaped the moving car.  There is probable cause to believe that Defendant detained this child, under the age of 14 years, with intent to deprive the parent or guardian of the possession of that person (charge one), forcibly confined the child without lawful authority (charge two), and invited the child "to touch, directly or indirectly, with a part of the body . . . , the body of any person, including the body of the person who so invites . . . and the body of the person under the age of fourteen years."

## Stay

Defendant has requested that I stay this order of certification so that he may litigate a petition of habeas corpus before a district judge.  Habeas review of an order of certification is limited:

In *Martin* [Martin v. Warden, Atlanta Pen, 993 F.2d 824, 828 (11th Cir.1993)], this Court observed that a district court's review of a magistrate judge's issuance of a certificate of extraditability is narrow. Review of the magistrate's order is limited "to determining 'whether the magistrate had jurisdiction, whether the offense charged is within the treaty and, by a somewhat liberal extension, whether there was any evidence warranting the finding that there was reasonable ground to believe the accused guilty.' " 993 F.2d at 828 (*quoting Fernandez v. Phillips*, 268 U.S. 311, 312, 45 S.Ct. 541, 542, 69 L.Ed. 970 (1925) (Holmes, J.)).

Kastnerova v. United States, 365 F.3d 980, 984 (11th Cir.), *cert. denied*, 541 U.S. 1090 (2004). *See also* Ordinola v. Hackman, 478 F.3d 588, 609 (4th Cir. 2007), *pet. cert. filed*, May 23, 2007) (NO. 06-11488).

The arguments made by Defendant are without merit, and review by the district judge would not change the outcome. The evidence fully supports the Canadian charges. Even if Florida procedural law were to apply, the probable cause standard and procedures would be the same as the federal standard. The double jeopardy argument is without merit. Dual criminality has been satisfied.

Further delay might prejudice the Canadian prosecution. Extradition has already taken nearly a year. The Canadian prosecution depends upon the testimony of a child. Memories may fade and a willingness to testify may erode if there is further delay.

For all of these reasons, a stay to permit Defendant to seek the limited review available by means of 28 U.S.C. § 2241 is not warranted. If a § 2241 petition is filed, an application for a stay may be addressed to the assigned district judge.

Accordingly, it is **ORDERED** that:

1.  Pursuant to 18 U.S.C. § 3184, I hereby **CERTIFY TO THE SECRETARY OF STATE** that there is sufficient evidence to sustain the three Canadian charges against Defendant, Steven Lee  Batchelder, such that a warrant may issue upon the requisition

of the proper authorities of Canada for the surrender of Steven Lee  Batchelder according to the stipulations of the Treaty on Extradition Between the United States of America and Canada.

2.  The Clerk is **DIRECTED** to send a certified copy of this order and the evidence presented at the final hearing (Government's Exhibits 1, 2, 1nd 3) to the Secretary of State.

3.  Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  Defendant shall be afforded a reasonable opportunity for private consultation with counsel.  Defendant shall remain in the custody of the Attorney General until his surrender to Canadian authorities is effected, or until further order.

4.  Defendant's request for a stay of this order is **DENIED**.

**DONE AND ORDERED** on June 25, 2007.


**s/    William C. Sherrill, Jr.**
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**