IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | |
|---|---|
| IN THE MATTER OF THE REQUESTED EXTRADITION OF STEVEN LEE BATCHELDER. | Case No. |

## MR. BATCHELDER'S EMERGENCY MOTION FOR DISTRICT COURT TO STAY ORDER OF CERTIFICATION (EXTRADITION)

STEVEN LEE BATCHELDER, by and through undersigned counsel, moves the Court to stay the Order of Certification to the Secretary of State filed in case number 4:06mj136-WCS and alleges:

1. In case number 4:06mj136-WCS, the Government sought to extradite Mr. Batchelder to Canada pursuant 18 U.S.C. § 3184 and the Treaty on Extradition Between the United States of America and Canada. Mr. Batchelder is charged with three offenses under Canadian law: (1) abduction of a person under 14; (2) unlawful confinement; and (3) invitation to sexual touching.

2. A hearing was held on the Government's extradition request on

June 21, 2007.

3.     On June 25, 2007, the Magistrate Judge issued a Order of Certification to the Secretary of State, wherein the Magistrate Judge concluded that the Government presented sufficient evidence to sustain the three Canadian charges against Mr. Batchelder such that a warrant may issue upon the requisition of the proper authorities of Canada for the surrender of Mr. Batchelder according to the stipulations of the Treaty on Extradition Between the United States of America and Canada.  (Doc 42).

4.     At the conclusion of the order, the Magistrate Judge *denied* Mr. Batchelder's request for a stay in order to allow Mr. Batchedler to file a petition for writ of habeas corpus.  (Doc 42 - Pg 14).

5.     Mr. Batchelder respectfully requests the district court to grant a stay in order to allow Mr. Batchelder to file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

6.     The authority of the district court to grant habeas relief from extradition orders is well-settled. *See Yapp v. Reno*, 26 F.3d 1562, 1565 (11th Cir. 1994) (setting forth standards for habeas corpus review of magistrate judge's certification of extradibility); *Shapiro v. Ferrandina*, 478 F.2d 894,

914 (2d Cir. 1973) (stating that habeas judge can "release the [extradition] petitioner if he finds there is no legal ground for holding him").  Mr. Batchelder believes that he will be able to present meritorious grounds for granting a habeas petition in this case (failure to establish dual criminality and failure to present sufficient proof for one or more of the alleged charges).

7. Stays of extradition orders are commonly entered.  *See Lopez-Smith v. Hood*, 121 F.3d 1322, 1327 (9th Cir. 1997) (noting that the circuit court of appeals granted a stay of extradition pending resolution of the habeas process).

8. In fact, the overwhelming majority of courts that have considered the issue agree that it is proper to enter a stay and afford a petitioner a period of thirty days to file a petition for writ of habeas corpus in the district court. *See In the Matter of the Extradition of Atuar*, 300 F. Supp. 2d 418, 435-36 (S.D. W. Va. 2003) ("At the extradition hearing, Relator requested a stay of any Certification which the Court might issue in order that he may file a petition for writ of habeas corpus.  *The Court was disinclined to grant Relator's request but has found that such requests have been granted in other cases*.  The Court will therefore grant Relator's request for a stay of the

Certification. The Certification will be stayed on the condition that Relator file a petition for writ of habeas corpus within thirty days from the date of its entry.") (emphasis added); *In the Matter of the Extradition of Sandhu*, No. 90 CR. MISC. 1(JCF), 1997 WL 277394, *10 (S.D.N.Y. 1997) ("Removal of the respondents shall be stayed for thirty days to permit them to file any application for a writ of habeas corpus."); *United States v. Spatola*, No. 89-643-M, 1989 WL 126771, *8 (E.D.N.Y. 1989) ("The defendant's application for a stay of his extradition is granted for 30 days pending an application for a writ of habeas corpus to the district court."); *In the Matter of the Extradition of Atta*, 706 F. Supp. 1032, 1052 (E.D.N.Y. 1989) ("The certification is stayed on the condition that Ahmad file a petition for a writ of habeas corpus within thirty days from the date of this order.").

9. If a stay is not ordered and Mr. Batchelder is extradited, habeas relief will be illusory. The only way to allow meaningful review of the Magistrate Judge's order is to grant a stay.

10. The Government and Canada will suffer no significant prejudice from a stay as Mr. Batchelder will remain incarcerated pending the outcome of his habeas petition.

WHEREFORE, for the reasons set forth above, Mr. Batchelder respectfully moves the district court to grant (as soon as practicable) a stay of the Magistrate Judge's order (on the condition that Mr. Batchelder file a petition for a writ of habeas corpus within thirty days from the date of this motion). All other appropriate relief is hereby requested.

Respectfully submitted,

/S/ MICHAEL UFFERMAN
MICHAEL UFFERMAN
Michael Ufferman Law Firm, P.A.
2022-1 Raymond Diehl Road
Tallahassee, Florida 32308
(850) 386-2345/fax (850) 224-2340
FL Bar No. 114227
ufferman@uffermanlaw.com

Counsel for Mr. **BATCHELDER**

## CERTIFICATE OF SERVICE

Undersigned counsel hereby certifies that on June 29, 2007, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification to:

Assistant United States Attorney Robert O. Davis
111 North Adams Street, Suite 400
Tallahassee, Florida 32301.

/s/ MICHAEL UFFERMAN
MICHAEL UFFERMAN
Michael Ufferman Law Firm, P.A.
2022-1 Raymond Diehl Road
Tallahassee, Florida 32308
(850) 386-2345/fax (850) 224-2340
FL Bar No. 114227
ufferman@uffermanlaw.com

Counsel for Mr. **BATCHELDER**

xc:   Steven Lee Batchelder