IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

In re the Extradition of
STEVEN LEE BATCHELDER,           CASE NO.  4:06mj136-WCS

      Defendant.

_____/

## ORDER DENYING STAY WITHOUT PREJUDICE

The assigned magistrate judge presided over this extradition proceeding. This was proper.  *See* 18 U.S.C. §3184; N.D. Fla. Loc. R. 72.2(F)(14).  The magistrate judge entered an order for extradition.  When the magistrate judge announced his decision, defendant moved for a stay.  The magistrate judge denied the motion.

Defendant then filed a written motion asking the "district court"—plainly a reference to a district judge—to enter a stay in order to allow defendant to pursue a petition for writ of habeas corpus under 28 U.S.C. §2241.  As defendant seems to agree, a magistrate judge's extradition order is reviewable only by habeas petition. See generally *In re Assarsson*, 635 F.2d 1237, 1240 (7th Cir. 1980) ("Extradition rulings are not directly appealable.  Review is available only by way of a petition for writ of habeas corpus."); *Kastnerova v. United States*, 365 F.3d 980 (11th Cir.

2004) (noting limitations on review of extradition orders).

The clerk of the court made an entry on the docket indicating the motion to stay had been referred to me, but no reference was actually communicated, because I am not an assigned judge in this proceeding and I thus do not receive notices through the electronic case filing system.  Indeed, there is no assigned district judge in this proceeding; this is a magistrate judge proceeding, properly handled by the magistrate judge without review by a district judge.  This is proper, because, again, a magistrate judge's extradition order is reviewable only by habeas petition.

In any event, defendant now has filed a habeas petition.  The petition has been assigned to a different district judge—Judge Mickle—in accordance with the court's random assignment protocols.  Defendant may move for a stay in the habeas proceeding, but he is not entitled to relief from a district judge as part of this magistrate judge proceeding.  Nor has either of these two cases—this magistrate judge proceeding or the habeas proceeding—been assigned to me.

Accordingly,

IT IS ORDERED:

Defendant's "motion for district court to stay order of certification (extradition)" (document 43) is DENIED without prejudice to the filing of any proper motion to stay as part of the separate habeas corpus proceeding filed in this district.

SO ORDERED this 6th day of August, 2007.

<u>s/Robert L. Hinkle</u>
Chief United States District Judge